# LAMAR *v.* UNITED STATES.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 895.    Argued April 4, 1916.—Decided May 1, 1916.

The Circuit Court of Appeals has no power to compel a party, who has prosecuted both a direct appeal from this court under § 238, Judicial Code, and a writ of error from the Circuit Court of Appeals, to elect which method he will pursue, and, in default of his withdrawing the direct appeal, to dismiss the writ of error.

While the general rule, when this court reverses a decision of the Circuit Court of Appeals wholly on the question of its jurisdiction, is to remand the case to that court without passing upon the merits, this court has the power to, and, in exceptional cases such as the present, will, determine the merits.

While a penal provision may not be enlarged by interpretation, it must not be so narrowed as to fail to give full effect to its plain terms, as made manifest by its text and context.

A member of the House of Representatives is an officer of the United States within the meaning of § 32 of the Penal Code.

Section 32 of the Penal Code prohibits and punishes the false assuming, with the intention to defraud, to be an officer or employee of the United States; and also the doing in the falsely assumed character of any overt act to carry out the fraudulent intent whether it would have been legally authorized had the assumed capacity existed or not.

The indictment in this case clearly charges the fraudulent intent under § 32 of the Penal Code and is sufficient under § 1025, Revised Statutes.

There was proof in this case of intent to defraud, and to establish

criminality under § 32, Penal Code; and there was no error in refusing an instruction to acquit and in submitting the case to the jury. There was no lack of jurisdiction of this case in the District Court because the trial was presided over by a judge of a different district assigned to the court for trial conformably to the act of October 3, 1913, c. 18, 38 Stat. 203.

THE facts, which involve the jurisdiction of this court, and of the Circuit Court of Appeals, the construction of § 32 of the Penal Code, and the power of assignment of a judge of one District to preside over the District Court of another district under the Act of October 3, 1913, are stated in the opinion.

*Mr. A. Leo Everett* and *Mr. Francis L. Kohlman,* with whom *Mr. H. B. Walmsley* was on the brief, for David Lamar:

A congressman is not an officer of the United States. Bowen's Documents of the Constitution; 1 Farrand Records of the Fed. Conv., p. 376; 3 id., pp. 597–599–620; *Blount's Case,* Wharton's St. Trials, 200; Story's Comm. on Const., 1st ed., § 791; Tucker on Const., § 199; Cong. Rec., 1914, p. 8831; H. R., 63d Cong., 2d Sess., Rep. No. 677; *United States v. Germaine,* 99 U. S. 508; *United States v. Mouat,* 124 U. S. 303; *United States v. Smith,* 124 U. S. 525; *Burton v. United States,* 202 U. S. 344; *Kelly v. Common Council,* 77 N. Y. 503; N. Y. Public Officer's Law, § 2, Art. 1; Am. & Eng. Enc., 2d ed., tit., "Public Officers," p. 322; *United States v. Wiltberger,* 5 Wheat. 76; *Hackfield v. United States,* 197 U. S. 442; *Martin v. United States,* 168 Fed. Rep. 198; *United States v. Barnow,* 239 U. S. 74; *United States v. Ballard,* 118 Fed. Rep. 757; *Mackey v. Miller,* 126 Fed. Rep. 161.

It was not charged or proven that the defendant pretended to act "under the authority of the United States." *United States v. Curtain,* 43 Fed. Rep. 433; *United States v. Bradford,* 53 Fed. Rep. 542; *United States v. Taylor,* **108** Fed. Rep. 621; *United States v. Ballard,* 118 Fed.

Rep. 757; *United States* v. *Brown,* 119 Fed. Rep. 482; *United States* v. *Farnham,* 127 Fed. Rep. 478; *Littel* v. *United States,* 169 Fed. Rep. 620; *United States* v. *Barnow,* 239 U. S. 74.

The indictment is defective in failing to describe the circumstances of the offense. *United States* v. *Carll,* 105 U. S. 611; *Evans* v. *United States,* 153 U. S. 584; *United States* v. *Hess,* 124 U. S. 483; *Keck* v. *United States,* 172 U. S. 434; *Moore* v. *United States,* 160 U. S. 268; *Bartell* v. *United States,* 227 U. S. 427; *Martin* v. *United States,* 168 Fed. Rep. 198.

There was no proof of an intent to defraud.

The District Court in which the defendant was tried under an indictment charging him with the commission of a crime, had no jurisdiction in view of the provisions of the Sixth Amendment.

The designation of a judge from a district in one circuit to hold a district court in another circuit trespasses upon the executive power of appointment in that it permits a United States District Judge to hold court in a district to the court of which he was not nominated by the President and confirmed by the Senate.

This court will at all times and may upon its own motion inquire into the jurisdiction of the court below. *Ball* v. *United States,* 140 U. S. 118; *Chicago &c. Ry. Co.* v. *Willard,* 220 U. S. 419; *Ex parte Lange,* 18 Wall. 163; *Ex parte Nielsen,* 131 U. S. 176; *Ex parte Seebold,* 100 U. S. 371; *Fore River Ship Co.* v. *Hagg,* 219 U. S. 275; Jud. Code, § 18; Judiciary Law, § 2; *Kentucky* v. *Powers,* 201 U. S. 1; *Kansas* v. *Colorado,* 200 U. S. 46; *Marbury* v. *Madison,* 1 Cranch, 138; *McDowell* v. *United States,* 159 U. S. 596; *Mackey* v. *Miller,* 126 Fed. Rep. 161; *M. C. L. Ry.* v. *Swann,* 111 U. S. 379; *Nashville* v. *Cooper,* 6 Waters, 247; *Norton* v. *Shelby County,* 118 U. S. 448; *Sheldon* v. *Sill,* 8 How. 441, No. 8448; 2 Story on Const., p. 1557; *Teel* v. *Chesapeake Ry.,* 204 Fed. Rep. 918.

*The Solicitor General*, with whom *Mr. Robert Szold* was on the brief, for the United States:

Section 32, Crim. Code, prohibits the false assumption or pretense to be a member of Congress.

The legislative history of the act reënforces this view.

A member of the House of Representatives is an officer of the Government of the United States and acting under its authority.

Members of Congress hold "office," and a member of Congress is an "officer." 2 Bouvier's Law Dict., p. 540, ed. of 1897; *Swafford* v. *Templeton*, 185 U. S. 487, 492; *The Floyd Acceptances*, 7 Wall. 666, 676; *United States* v. *Maurice*, 2 Brock. 96, 102.

The Revised Statutes of the United States recognize members of Congress as such officers. Revised Stat., §§ 1756, 1759, 1786, 2010.

Decisions of state courts and state statutes recognize members of the state legislatures as "state officers." The analogy is complete. *Morril* v. *Haines*, 2 N. H. 246, 251; *Shelby* v. *Alcorn*, 36 Mississippi, 273, 291; *State* v. *Dillon*, 90 Missouri, 229, 233; Rev. Stat., N. Y., 1829, v. 1, p. 95.

A member of Congress is a Federal and not a state officer. *Eversole* v. *Brown*, 21 Ky. Law Rep. 925, 927; *State* v. *Gifford*, 22 Idaho, 613, 632–633; *State* v. *Russell*, 10 Ohio Dec. 255, 264.

Other decisions of this court do not contravene the proposition here contended for.

It is not necessary that defendant's pretense be to act lawfully under the authority of the United States. *Littell* v. *United States*, 169 Fed. Rep. 620; *United States* v. *Ballard*, 118 Fed. Rep. 757; *United States* v. *Barnow*, 239 U. S. 74.

The indictment sufficiently particularizes the circumstances of the offense.

The defendant's objection is not one of substance, but

of form. *Evans* v. *United States,* 153 U. S. 584; *United States* v. *Barnow, supra.*

All substantial rights of defendant were observed. *Bartell* v. *United States,* 227 U. S. 427; *Durland* v. *United States,* 161 U. S. 306.

Section 1025, Rev. Stat., controls. *Armour Packing Co.* v. *United States,* 209 U. S. 56; *Ledbetter* v. *United States,* 170 U. S. 606.

The proof of the intent to defraud was ample.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Charged in the trial court (Southern District of New York) by an indictment containing two counts, with violating § 32 of the Penal Code, the petitioner was convicted and on December 3, 1914, sentenced to two years' imprisonment in the penitentiary. The trial was presided over by the District Judge of the Western District of Michigan assigned to duty in the district conformably to the provisions of § 18 of the Judicial Code as amended by the Act of Congress of October 3, 1913 (c. 18, 38 Stat. 203). To the conviction and sentence in January following error was directly prosecuted from this court, the assignments of error assuming that there was involved not only a question of the jurisdiction of the court as a Federal court, but also constitutional questions. For the purpose of the writ one of the district judges of the Southern District of New York gave a certificate as to the existence and character of the question of jurisdiction evidently with the intention of conforming to § 238 of the Judicial Code.

After the record on this writ had been filed in this court a writ of error to the conviction was prosecuted in May, 1915, from the court below. In September following that court, acting on a motion to dismiss such writ of error on

the ground that its prosecution was inconsistent with the
writ sued out from this court, entered an order providing
for dismissal unless the plaintiff in error within ten days
elected which of the two writs of error he would rely upon
and subsequently before the expiration of the time stated
the court declined to comply with the request of the
plaintiff in error that the questions at issue be certified to
this court.  On October 29, 1915, the election required of
the plaintiff in error not having been made, the writ of
error was dismissed.

On January 31, 1916, the writ of error prosecuted from
this court came under consideration as the result of a
motion to dismiss, and finding that there was no question
concerning the jurisdiction of the trial court within the
intendment of the statute and no constitutional question,
the writ was dismissed for want of jurisdiction.  240 U. S.
60.  Thereupon the plaintiff in error in the court below
asked that the cause be reinstated and heard and upon
the refusal of the request an application was made to this
court for leave to file a petition for mandamus to compel
such action and if not, for the allowance of a certiorari,
and although the former application was denied, the case
is here because of the allowance of the latter remedy.

Primarily the question is, Was it the duty of the court
below to exercise jurisdiction?  As under the statute it is
indisputable that there was jurisdiction and the duty to
exert it unless the conditions existed which authorized a
direct writ of error from this court, it follows that the
dismissal by this court of the direct writ for want of juris-
diction affirmatively determined that there was jurisdic-
tion in the court below and error was committed in not
exerting it unless by some neglect to avail of proper pro-
cedure or because of some line of inconsistent conduct the
right to invoke the jurisdiction of the court below was lost.
As we have seen, the assumed existence of the latter cause
was the basis of the refusal to exercise jurisdiction, that is,

the inconsistency which it was assumed resulted from prosecuting the direct writ of error from this court and subsequently suing out the writ of error from the court below from which it was deduced that there was a duty to elect between the two as a prerequisite to the right to ask at the hands of the court below the exertion of the jurisdictional authority cast upon it by law. But if the exercise of the assumed duty of election which was imposed had resulted in the abandonment of the writ from the court below, there would have been nothing left upon which the jurisdiction of that court could have been exerted, and it is hence apparent that in substance the order was but a direction that the plaintiff in error abandon the direct writ prosecuted from this court as a prerequisite to his right to invoke the action of the court upon the writ pending before it. But aside from the demonstration of error which arises from the mere statement of this inevitable result of the order made by the court below, it is equally clear that such order rested upon a misconception arising from treating as one, things which are distinct, that is, the existence of authority to compel the abandonment of one of two valid and available remedies because of their inconsistency, leaving therefore the one not abandoned in force, and the want of power to compel an election of one of two remedies where the exertion of judicial power alone could determine which of the two was available and where therefore the exercise of the election ordered in the nature of things involved the power to destroy all relief and thus frustrate the right of review conferred by the statute by one or the other of the remedies. As in view of this distinction it clearly results that the determination of the plaintiff in error to abandon under the order of the court one or the other of the two writs of error could not have validated the writ not abandoned if it was not authorized by law, it must follow that the election to which the order of the court submitted the plaintiff in error was

not real and therefore afforded no basis for the refusal of
the court to determine the validity of the writ of error
pending before it and to decide the case if it deemed it
had jurisdiction. Indeed, if it be conceded that the situa-
tion arising from the pendency of the two writs created
doubt, that concession would not change the result since
we are of opinion that the power to have certified to this
court the jurisdictional or other questions as to which the
doubt existed was the remedy created by the statute to
meet such a situation and to obviate the possibility of
denying to the plaintiff in error the right to a review which
again it must be borne in mind the statute gave under one
or the other of the two writs.

Correcting the error committed by the court below
by its order of dismissal, the case on its merits is within
our competency to decide as the result of the operation of
the certiorari. As, however, it is clear that the questions
on the merits, as demonstrated by the previous judgment
of dismissal of the direct writ of error, are of a character
which under the statute if they had been disposed of by
the court below in the discharge of its duty would have
been finally determined, and as it is equally apparent
that none of the questions except the one of jurisdiction,
that is, the duty of the court below to have decided the
cause, are within the exceptional considerations by which
certiorari is allowed, it follows that in order to give effect
to the statute our duty would be as a general rule having
corrected the error resulting from the dismissal and having
afforded a remedy for the failure of the court below to
exercise jurisdiction, to go no farther and remand the
case so that the questions at issue might be finally dis-
posed of. *Lutcher & Moore* v. *Knight,* 217 U. S. 257. But
while not in any degree departing from the general rule, we
think it is inapplicable here because of the serious doubt
which may have been engendered by the certificate as to
the jurisdictional question given by the district judge,

although it is now established that there was no foundation whatever for allowing it, and because of the resulting complexity of the question as to whether the jurisdiction of this court had not attached to the subject-matter and excluded the advisability if not the power on the part of the court below to certify to this court the question of which writ of error was paramount, when of necessity a certificate involving the solution of that question had already been made by the district judge. We therefore dispose of the merits, restating the case so far as may be essential.

The section of the Penal Code charged to have been violated punishes anyone who "with intent to defraud either the United States or any person, shall falsely assume or pretend to be an officer or employee acting under the authority of the United States, or any Department, or any officer of the Government thereof, and shall take upon himself to act as such, or shall in such pretended character demand or obtain from any person or from the United States, or any Department, or any officer of the Government thereof any money, paper, document, or other valuable thing," etc. The indictment charged that at a stated time the petitioner "unlawfully, knowingly and feloniously did falsely assume and pretend to be an officer of the Government of the United States, to-wit, a member of the House of Representatives of the Congress of the United States of America, that is to say, A. Mitchell Palmer, a member of Congress representing the Twenty-sixth District of the State of Pennsylvania, with the intent, then and there, to defraud Lewis Cass Ledyard," and other persons who were named and others to the grand jury unknown, "and the said defendant, then and there, with the intent and purpose aforesaid, did take upon himself to act as such member of Congress; against the peace," etc., etc.

We consider the contentions relied upon for reversal separately.

1. It is insisted that no offense under the statute was stated in the indictment because a member of the House of Representatives of the United States is not an officer acting under the authority of the United States within the meaning of the provision of the Penal Code upon which the indictment was based. This contention is supported by reference to what is assumed to be the significance in one or more provisions of the Constitution of the words "civil officers," and reliance is specially placed upon the ruling made at an early day in the *Blount Case* (Wharton's State Trials, p. 200) that a Senator of the United States was not a civil officer subject to impeachment within the meaning of § 4 of Article II of the Constitution. But, as previously held in sustaining the motion to dismiss the direct writ of error, the issue here is not a constitutional one, but who is an officer acting under the authority of the United States within the provisions of the section of the Penal Code under consideration? And that question must be solved by the text of the provision, not shutting out as an instrument of interpretation proper light which may be afforded by the Constitution and not forgetting that a penal statute is not to be enlarged by interpretation, but also not unmindful of the fact that a statute because it is penal is not to be narrowed by construction so as to fail to give full effect to its plain terms as made manifest by its text and its context. *United States* v. *Hartwell*, 6 Wall. 385, 395; *United States* v. *Corbett*, 215 U. S. 233, 242, 243.

Guided by these rules, when the relations of members of the House of Representatives to the Government of the United States are borne in mind and the nature and character of their duties and responsibilities are considered, we are clearly of the opinion that such members are embraced by the comprehensive terms of the statute. If however considered from the face of the statute alone the question was susceptible of obscurity or doubt—which

we think is not the case—all ground for doubt would be removed by the following considerations: (a) Because prior to and at the time of the original enactment in question the common understanding that a member of the House of Representatives was a legislative officer of the United States was clearly expressed in the ordinary, as well as legal, dictionaries. See Webster, *verbo* office; Century Dictionary, *verbo* officer; Bouvier's Law Dictionary (edition of 1897) Vol. 2, page 540, *verbo* legislative officers; Black's Law Dictionary (2nd edition) page 710, *verbo* legislative officer. (b) Because at or before the same period in the Senate of the United States after considering the ruling in the *Blount Case*, it was concluded that a member of Congress was a civil officer of the United States within the purview of the law requiring the taking of an oath of office. (Cong. Globe, 38th Congress, 1st session, pt. 1, pp. 320–331.) (c) Because also in various general statutes of the United States at the time of the enactment in question a member of Congress was assumed to be a civil officer of the United States. Revised Statutes, §§ 1786, 2010, and subdivision 14 of § 563. (d) Because that conclusion is the necessary result of prior decisions of this court and harmonizes with the settled conception of the position of members of state legislative bodies as expressed in many state decisions. *The Floyd Acceptances*, 7 Wall. 666, 676; *Ex parte Yarbrough*, 110 U. S. 651, 654; *Wiley* v. *Sinkler*, 179 U. S. 58, 64; *Swafford* v. *Templeton*, 185 U. S. 487, 492; *People* v. *Common Council*, 77 N. Y. 503, 507–508; *Morril* v. *Haines*, 2 N. H. 246; *Shelby* v. *Alcorn*, 36 Mississippi, 273, 291; *Parks* v. *Soldiers' Home*, 22 Colorado, 86, 96.

2. But it is urged, granting that a member of Congress is embraced by the word officer, yet no offense was stated since it was not charged that in pretending to be an officer the accused did an act which he would have been authorized to do under the authority of the United States had he

possessed the official capacity which he assumed to have. In other words, the proposition is that the first clause of the section prohibits the falsely assuming or pretending to be an officer with intent to defraud and as such officer taking upon himself to act under the authority of the United States, that is, to do an authorized act. The contention which the proposition covers was insisted upon not only in the demurrer which was overruled, but by requests to charge and exceptions to the charge given. While it is undoubtedly true that the construction asserted finds some apparent support in one or more decided cases in district courts of the United States (*United States* v. *Taylor,* 108 Fed. Rep. 621; *United States* v. *Ballard,* 118 Fed. Rep. 757; *United States* v. *Farnham,* 127 Fed. Rep. 478), we are of opinion that it misconceives the statute and fails to give it proper effect because when rightly construed the operation of the clause is to prohibit and punish the falsely assuming or pretending, with intent to defraud the United States or any person, to be an officer or employee of the United States as defined in the clause and the doing in the falsely assumed character any overt act, whether it would have been legally authorized had the assumed capacity existed or not, to carry out the fraudulent intent. Briefly stated, we conclude this to be the meaning of the clause for the following reasons: (a) Because the words "acting under the authority of the United States" are words designating the character of the officer or employee whose personation the clause prohibits since if the words are thus applied, the clause becomes coherent and free from difficulty, while if on the other hand they are applied only as limiting and defining the character of the overt act from which criminality is to arise, confusion and uncertainty as to the officer or employee whose fraudulent simulation is prohibited necessarily results. (b) Because the consequence of a contrary construction would be obviously

to limit the application of the clause as shown by its general language and as manifested by the remedial purpose which led to its enactment. (Cong. Rec. vol. 14, pt. 4, p. 3263, 47th Cong. 2d Sess.)   (c) Because to adopt a contrary view would be absolutely inharmonious with the context, since it would bring into play a conflict impossible of reconciliation.   To make this clear it is to be observed that the last clause of the section makes criminal the demanding or obtaining in the assumed capacity which the first clause prohibits, "from any person or from the United States,  .  .  .  any money, paper, document, or other valuable thing,  .  .  ."   We say which the first clause prohibits because there is no reëxpression of the prohibition against assuming or pretending contained in the first clause except as that prohibition is carried over and made applicable to the second by the words "or shall in such pretended character demand," etc.   As it is obvious that the acts made absolutely criminal by the second clause are acts which may or may not have been accomplished as the result of exerting in the pretended capacity an authority which there would have been a lawful right to exert if the character had been real and not assumed, it results not only that the conflict which we have indicated would arise from adopting the construction claimed, but the error of such contention as applied to the first clause is conclusively demonstrated.

Indeed the consideration thus given the contention in question was unnecessary because its error is persuasively if not conclusively established by the ruling in *United States* v. *Barnow,* 239 U. S. 74.   In that case the accused was charged under both clauses of the section with having on the one hand falsely assumed to be an employee of the United States acting under the authority of the United States, "to wit, an agent employed by the government to sell a certain set of books entitled 'Messages and Papers of Presidents'" and with having taken

upon himself to act as such by visiting a named person for the purpose of carrying out the intended fraud, and on the other hand under the second clause of the section with having by means of the same false personation obtained a sum of money. The case came here to review the action of the court below in sustaining a demurrer to the indictment as stating no offense because there was no authorized employee of the character which had been falsely assumed and no legal authority therefore to have done the overt acts with which either count was concerned. The judgment was reversed under the express ruling that the existence of the office or the authority was not essential as the assuming or pretending to be and act as an officer or employee of the United States was within the purview of the statute and necessarily embraced within its prohibitions.

3. It is urged that the indictment is defective because of its failure to describe the circumstances of the offense. It suffices to say that after considering them we think that the many authorities cited to support the contention are wholly inapplicable to the conditions disclosed by the record and we are further of opinion that those conditions make it clear that the contention is devoid of merit. We say this because it will be observed from the text of the indictment which we have previously reproduced that it clearly charges the illegal acts complained of and the requisite fraudulent intent, states the date and place of the commission of the acts charged and gives the name and official character of the officer whom the accused was charged with having falsely personated. It is moreover to be observed that there is not the slightest suggestion that there was a want of knowledge of the crime which was charged or of any surprise concerning the same, nor is there any intimation that any request was made for a bill of particulars concerning the details of the offense charged. Under this situation we think that

the case is clearly covered by § 1025, Revised Statutes. *Connors* v. *United States,* 158 U. S. 408, 411; *Armour Packing Co.* v. *United States,* 209 U. S. 56, 84; *New York Central R. R.* v. *United States,* 212 U. S. 481, 497; *Holmgren* v. *United States,* 217 U. S. 509, 523.

4. It is insisted that there was no proof whatever tending to show an intent to defraud or to establish criminality under the section relied upon and therefore there should have been an instruction to acquit. In so far as the proposition concerns the absence of proof of the doing of an overt act which was authorized by law and therefore relates to the wrongful construction of the statute which we have previously pointed out, it is disposed of by what was said on that subject. As to the want of any evidence justifying the submission of the case to the jury on the question of the criminal intent relied upon or of the acts charged, we content ourselves with the statement that after a close scrutiny of the record we are of the opinion that the contention is wholly without merit and that the case was clearly one where the proof was of such a character as to justify its being submitted to the jury for its consideration.

5. Finally we come to consider a contention not raised in the trial court, not suggested in the court below while the case was there pending and before the order of dismissal which we have reviewed was entered, and not even indirectly referred to in this court when the case was pending on the direct writ of error which writ was, as we have seen, dismissed because it presented for consideration no question of jurisdiction and none arising under the Constitution. Indeed the contention now relied on was for the first time urged in a supplemental brief filed on the present hearing. The proposition is that the trial court had no jurisdiction, in fact that no such court existed, because the trial was presided over by the District Judge of the Western District of Michigan assigned to the

Southern District of New York conformably to the statute (Oct. 3, 1913, c. 18, 38 Stat. 203) and that the effect of such assignment under the statute was virtually to destroy the Southern District of New York by creating a new district whose boundaries were undefined, thus violating the rights secured to the accused by the Sixth Amendment since he was subjected to trial in a district not established when the offense with which he was charged was committed. In fact the further contention is made that to assign a judge of one district and one circuit to perform duty in another district of another circuit was in substance to usurp the power of appointment and confirmation vested by the Constitution in the President and Senate. As to the first of these contentions, we think it suffices to say that it rests upon a construction of the words of the statute authorizing the assignment of a judge of one district and circuit to duty in another district and circuit which is wholly unfounded and which rests upon a premise conflicting with the practice of the Government under the Constitution substantially from the beginning. As to the second contention, we think merely to state it suffices to demonstrate its absolute unsoundness.

*Affirmed.*

MR. JUSTICE McREYNOLDS took no part in the consideration and decision of this case.