PEOPLE, PLAINTIFF AND APPELLEE, v. PIETRANTONI,
DEFENDANT AND APPELLANT.

Appeal from the District Court of San Juan in a Prosecution
for Assault and Battery.

No. 1876.—Decided June 9, 1922.

JUDGE DE JURE.—When it is alleged that an act is unconstitutional because it
attempts to appoint judges already in office to courts newly created, if the
question is duly raised by a person tried before one of the said judges, that
judge was still a judge *de jure* by virtue of previous enactment.

JUDGE DE FACTO.—If the Legislature creates new courts and a person is tried
before a judge who has been assigned by the Legislature, but not appointed
by the Governor, to one of the new courts, the Legislature confers a color
of authority and in the absence of objection in the trial court the judge as-
signed is a judge *de facto*.

The facts are stated in the opinion.

Mr. J. R. Quiñones for the appellant.

Mr. José E. Figueras, Fiscal, for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Appellant was tried and convicted in the Municipal Court
of San Juan of an offence of assault and battery. He was
tried on appeal in the District Court of the First District of
San Juan. There is no statement of the case or bill of excep-
tions in the record and, beyond a plea of not guilty, no motion
verbal or otherwise appears in the record. The appellant
here attacked the jurisdiction of the court below to try his
case, but conceded that no such question had been presented
in the court below.

The question now raised is substantially that the Dis-
trict Court of San Juan had no jurisdiction to try the ap-
pellant's case, inasmuch as law No. 41 of 1921 was unconsti-
tutional. In effect the appellant maintains that there was no
such court. Appellant concedes that most of the questions
raised or errors assigned have been disposed of by the opin-
ion of this court in the certiorari case of *Toro* v. *District
Court of San Juan, ante,* page 501. Appellant now is insisting
only on one point, namely, that if two new courts were cre--

ated, the Legislature, in Act. No. 41, has usurped the appointive power of the Governor in assigning or appointing judges to the new courts. We may say in passing that if the Act attempting to create two new courts was unconstitutional, then the judge before whom the appellant was tried was still a judge *de jure* of the old District Court of San Juan and the appellant was properly convicted.

These two new courts were created out of an old judicial district and the actual judges already appointed were assigned by the Legislature to service within the same territorial limits. With the possible exception of the power of appointment itself, the Legislature is fully empowered by the Organic Act to create new districts and define their jurisdiction. What the Legislature did then was to exercise no power of appointment, but merely to change the actual jurisdiction of two judges who were assigned to sit within the same territory for which they were appointed. A citation from *Lamar* v. *United States,* 241 U. S. 117, opinion of Chief Justice White, is germane:

"5. Finally we come to consider a contention not raised in the trial court, not suggested in the court below while the case was there pending and before the order of dismissal which we have reviewed was entered, and not even indirectly referred to in this court when the case was pending on the direct writ of error which writ was, as we have seen, dismissed because it presented for consideration no question of jurisdiction and none arising under the Constitution. Indeed the contention now relied on was for the first time urged in a supplemental brief filed on the present hearing. The proposition is that the trial court had no jurisdiction, in fact that no such court existed, because the trial was presided over by the District Judge of the Western District of Michigan assigned to the Southern District of New York conformably to the statute (Oct. 3, 1913, c. 18, 38 Stat. 203) and that the effect of such assignment under the statute was virtually to destroy the Southern District of New York by creating a new district whose boundaries were undefined, thus violating the rights secured to the accused by the Sixth Amendment since he was subjected to trial in a district not established when

the offense with which he was charged was committed. In fact the further contention is made that to assign a judge of one district and one circuit to perform duty in another district of another circuit was in substance to usurp the power of appointment and confirmation vested by the Constitution in the President and Senate. As to the first of these contentions, we think it suffices to say that it rests upon a construction of the words of the statute authorizing the assignment of a judge of one district and circuit to duty in another district and circuit which is wholly unfounded and which rests upon a premise conflicting with the practice of the Government under the Constitution substantially from the beginning. As to the second contention, we think merely to state it suffices to demonstrate its absolute unsoundness.''

In other words it is plain that no power of appointment has been interfered with.

Appellant also urged that the judges must be considered new appointments, as their salaries were increased, a thing prohibited by the Organic Act. Such a conclusion might affect the increase of salaries, but could not affect the jurisdiction. But in any event the appellant was tried in a court which had jurisdiction, and even supposing that the person who presided had not been duly appointed to sit on that newly created court, yet nevertheless he was a judge *de facto*. The appellant maintains that he was not and that judges *de facto* can only apply to persons duly named who have in some respect failed to qualify, but the appellant cites us to no authority. We think the color of authority under which an official acts could come from the Legislature as well as from the appointing power. These considerations are strenghtened by the fact that no challenge in any form was presented to the court's jurisdiction.

Finding no error the judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Franco Soto concurred.

Mr. Justice Hutchison concurred in the judgment.