EL PUEBLO, DEMANDANTE Y APELADO, *v.* PIETRANTONI, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Primer Distrito, en causa por acometimiento y agresión grave.

No. 1876.—Resuelto en junio 9, 1922.

JUEZ *de Jure.*—Cuando se alega que una ley es anticonstitucional por pretender asignar a jueces que ya están en funciones para nuevas cortes que han sido creadas, si se levanta debidamente la cuestión y a una persona se le juzga ante uno de dichos jueces, dicho juez es todavía un juez *de jure* por virtud de leyes anteriores.

JUEZ *de Facto.*—Si una legislatura crea nuevas cortes y se juzga a una persona ante un juez que ha sido asignado por la legislatura pero no nombrado por el Gobernador para una de las nuevas cortes la legislatura confiere un supuesto derecho y a falta de objeción en la corte inferior el juez asignado es un juez *de facto.*

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. R. Quiñones.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El apelante fué juzgado y declarado culpable en la Corte Municipal de San Juan por un delito de acometimiento y agresión. En apelación fué juzgado ante la corte de distrito para el primer distrito de San Juan. No existe exposición del caso o pliego de excepciones en los autos, y con excepción de una alegación de no culpable, ninguna moción oral o en otra forma consta en los autos. El apelante impugnó

la jurisdicción de la corte inferior para conocer del caso, pero admitió que ninguna cuestión semejante había sido presentada ante la corte inferior.

La cuestión que ahora se plantea es en sustancia que la Corte de Distrito de San Juan carecía de jurisdicción para juzgar la causa del apelante toda vez que la Ley No. 41 de 1921 era anticonstitucional.

Sostiene en efecto, el apelante, que no existía tal corte. El apelante admite que la mayor parte de las cuestiones promovidas o errores alegados han sido resueltos por la opinión de esta corte en el caso de *certiorari* de *Toro y Lippitt* v. *La Corte de Distrito de San Juan,* de mayo 22, 1922, (pág. 542). El apelante insiste ahora solamente en un punto, o sea, que si se crearon dos nuevas cortes la Legislatura en la Ley No. 41 ha usurpado el poder de nombramiento del Gobernador al asignar o nombrar jueces para las nuevas cortes. Podemos decir de paso que si la ley que pretende crear dos nuevas cortes era anticonstitucional entonces el juez ante quien fué juzgado el apelante era todavía un juez *de jure* de la antigua Corte de Distrito de San Juan y el apelante fué debidamente declarado culpable.

Estas dos nuevas cortes fueron formadas del antiguo distrito judicial y los actuales jueces ya nombrados fueron asignados por la Legislatura al servicio dentro de los mismos límites territoriales. Con la posible excepción del poder de nombramiento mismo la Legislatura está perfectamente autorizada por la Ley Orgánica para establecer nuevos distritos y definir su jurisdicción. Lo que hizo entonces la Legislatura no fué ejercitar ningún poder de nombramiento, sino meramente cambiar la jurisdicción actual de dos jueces asignándolos para actuar dentro del mismo territorio para el cual fueron nombrados. La siguiente cita del caso de *Lamar* v. *United States,* 241 U. S. 118, opinión del Juez Presidente Sr. White, es pertinente:

"5. Pasamos finalmente a considerar una cuestión que no fué levantada en la corte inferior ni sugerida allí mientras el caso estaba en ella pendiente y antes de que se registrara la orden de desestimación que hemos revisado, y a la cual ni siquiera se ha hecho referencia indirectamente en esta corte cuando el caso estaba pendiente a virtud del recurso de error directo, el cual auto, como hemos visto, fué desestimado por no presentar para su consideración cuestión alguna de jurisdicción y ninguna que surja de acuerdo con la Constitución.   En verdad que la alegación en que ahora se confía fué alegada por primera vez en un alegato suplementario radicado en la vista presente.   La proposición es que la corte sentenciadora no tenía ninguna jurisdicción, en realidad que no existía tal corte toda vez que el juicio había sido conducido por el juez de distrito del Distrito Occidental de Michigan designado para el Distrito del Sur de New York de acuerdo con el estatuto (Oct. 3, 1913, c. 18, 38 Stat. 203), y que el efecto de tal designación bajo el estatuto era anular virtualmente el Distrito del Sur de New York creando un nuevo distrito cuyas demarcaciones eran indefinidas, violándose así los derechos garantidos al acusado por la enmienda sexta puesto que se le sometió a juicio en un distrito que no había sido establecido cuando fué cometido el delito que se le imputaba.   De hecho se hace además la alegación de que el asignar a un juez de un distrito y de un circuito para ejercer funciones en otro distrito de otro circuito era en sustancia usurpar el poder de nombramiento y confirmación investido por la Constitución en el Presidente y Senado.   En cuanto a la primera de estas alegaciones creemos que basta con decir que descansa en la interpretación de las palabras del estatuto que autoriza la designación de un juez de un distrito y circuito para ejercer funciones en otro distrito y circuito la cual carece enteramente de fundamento y descansa en una premisa que es incompatible con la práctica del gobierno bajo la constitución sustancialmente desde el principio.   En cuanto a la segunda alegación, creemos que basta con sólo enunciarla para demostrar su absoluta incorrección."

En otras palabras, es evidente que no se ha intervenido con ningún poder de nombramiento.

Alegó también el apelante que puede considerarse como nuevo el nombramiento de los jueces puesto que sus sueldos fueron aumentados, cosa prohibida por la Ley Orgánica.   Tal conclusión podría afectar al aumento de los sueldos pero no

a la jurisdicción.   Pero de todos modos el apelante fué juzgado en una corte que tenía jurisdicción, y aún suponiendo que la persona que presidía esa corte no había sido debidamente nombrada para actuar en esa corte nuevamente creada, era, sin embargo, un juez *de facto*.   El apelante sostiene que no lo era y que jueces *de facto* sólo pueden llamarse las personas debidamente nombradas, quienes en cierto modo no tomaran posesión del cargo, pero no nos cita el apelante ninguna autoridad.   Creemos que la supuesta autoridad bajo la cual actúa un funcionario podía proceder de la Legislatura lo mismo que del poder nominador.   Estas consideraciones están robustecidas por el hecho de que no se hizo impugnación en forma alguna a la jurisdicción de la corte.

No encontrando que se haya cometido error, debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Franco Soto.

El Juez Asociado Sr. Hutchison firmó: ''Conforme con la sentencia.''