**UNITED STATES of America, Plaintiff,**

v.

**John D. LARSON, Defendant.**

**No. KB–1646.**

District Court, Alaska.
First Division, Ketchikan.

Nov. 12, 1954.

Theodore E. Munson, U. S. Atty., Juneau, Alaska, Henry J. Camarot, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Floyd Davidson, Ketchikan, Alaska, for defendant.

FOLTA, District Judge.

The defendant has moved to dismiss on the ground that the indictment does not state an offense under 18 U.S.C.A. § 912. Each count of the indictment charges that the defendant impersonated an officer of the United States "and falsely took upon himself to act as such, in that he falsely stated to (a named person) that he was a special agent of the Federal Bureau of Investigation engaged in the investigation of a criminal violation." It is clear that had each count of the indictment ended with the clause "and falsely took upon himself to act as such" it would have been invulnerable, but by further alleging that he falsely stated to a person named "that he was a special agent of the Federal Bureau of Investigation engaged in the investigation of a criminal violation" all that was accomplished is a mere repetition of the false representation.

■ The statute requires that to be guilty, one must not only falsely assume or pretend to be an officer but also must "act as such." So the precise question presented is whether one who falsely assumes or pretends to be an officer "acts as such" when he repeats such false representation.

■ In United States v. Barnow, 239 U.S. 74, 36 S.Ct. 19, 60 L.Ed. 155, three of the counts were practically identical with those in the instant indictment, in that after alleging the false pretense it was further alleged that the defendant took upon himself to act as such, in that he falsely represented himself to be an officer. But the question there considered was whether the officer impersonated had to be in existence. The fact that the Court in adversely disposing of this contention found no fault with the indictment is no authority for the proposition that one so framed is sufficient. Had the precise question been raised or considered it is reasonable to infer that the counts referred to would have been found fatally defective, for the Court said, 239 U.S. at page 77, 36 S.Ct. at page 21, that the statute "requires something beyond the false pretense with intent to defraud; there must be some act in keeping with the pretense." In Lamar v. U. S., 241 U.S. 103, 36 S.Ct. 535, 60 L.Ed. 912, it was argued that the indictment was defective because it was not charged that in pretending to be an officer the accused did an act which he would have been authorized to do had he possessed the official capacity which he assumed to have. The indictment charged that the defendant falsely pretended to be an officer of the United States and that he did take upon himself to act as such. It does not appear just what it was that he did in acting as such, but it may be inferred that the basis of the objection urged against the indictment was not that the act was insufficient but rather that the indictment failed to charge an act that the defendant would have been authorized to do had the pretense not been false. In other words, it was contended that the indictment had to charge the false pretense and an overt act of the kind which the defendant would have been authorized to do had he possessed the official capacity which he assumed to have. It is significant that in disposing of this contention adversely to the defendant, the Court assumed, as in the Barnow case supra, the necessity of alleging an overt act, authorized or unauthorized.

It is clear, therefore, that both of the foregoing cases, at least by inference, support the proposition that the averment of an overt act is essential.

Baas v. United States, 5 Cir., 25 F.2d 294, holds that an overt act is necessary to the sufficiency of the indictment but that this requirement is met if it is merely alleged that the defendant took "upon himself to act as such".

It is true, as the prosecution points out, that Form Number 8, Indictment for Impersonation of Federal Officer, in the appendix to the Fed.Rules Crim.Proc., 18 U.S.C.A., is practically identical with each count of the indictment in this case. It may be that this form was predicated upon United States v. Barnow, supra, in which three of the counts were in the identical language. As already pointed out, the precise question here presented was neither raised nor considered in that case. Irrespective of the basis for Form 8, it is my opinion that the statute clearly requires that if the pleader specify the act, it must be something more than mere repetition of the pretense, such as solicitation, inquiry, demand for information, or the like. Ekberg v. United States, 1 Cir., 167 F.2d 380; Dickson v. United States, 10 Cir., 182 F.2d 131.