## Loyalty Oaths

JOSEPH L. DONNELLY, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, January 28, 1958.—You have asked to be advised whether the provisions of section 14 of the Pennsylvania Loyalty Act of December 22, 1951, P. L. 1726, 65 PS §224, require that a candidate for the office of United States Senator or Representative in Congress shall attach a loyalty oath to his nomination petition, paper or certificate.

Section 14 of the Pennsylvania Loyalty Act provides:

"No person shall become a candidate for election under the provisions of the act, approved the third day of June, one thousand nine hundred thirty-seven (Pamphlet Laws 1333), known as the 'Pennsylvania Election Code', and its amendments, *to any State, district, county, or local public office* whatsoever in this Commonwealth, unless he shall file with his nomination petition, nomination paper or nomination certificate a statement, under oath or affirmation, that he is not a subversive person. . . ." (Italics supplied.)

The only persons required by section 14 of the act to file a loyalty oath are candidates for "State, district, county, or local public" offices. No loyalty oath is required of candidates for Federal offices or for offices other than those enumerated in section 14. If, there-

fore, a candidate for the office of United States Senator or Representative in Congress is not a candidate for a "State, district, county, or local public office," it follows that he need not attach a loyalty oath to his nomination petition, paper or certificate. It remains, then, to determine whether the offices of United States Senator and Representative in Congress are Federal or State offices.

The offices of United States Senator and Representative in Congress were created by the Federal Constitution which also provides for the number, apportionment, qualifications, election, compensation and rights and privileges of members of the Congress.*

Thus, in Lane v. McLemore, 169 S. W. 1073, 1074-1075 (1914), the Texas Court of Civil Appeals found that:

"A congressman, whether elected from a district or the state at large, is not a state officer, but a federal officer; he is remunerated from the federal treasury, not by the state; the office is created by the federal Constitution, and the officer's duty is to represent his constituency in the federal Congress and to there give consideration to legislation coming solely within the jurisdiction of the federal government. Viewed from every angle, we are unable to perceive any just grounds upon which he could base a claim to be a state officer."

Similarly, in State ex rel. Carroll v. Becker, 329 Mo. 501, 45 S. W. 2d 533, 536 (1932), the Supreme Court of Missouri held: "A member of Congress is not a state officer. . . . He is a United States officer."

In Lamar v. United States, 241 U. S. 103, 36 S. Ct. 535, 60 L. Ed. 912 (1916), defendant was indicted and convicted under a Federal statute making it a crime for anyone to impersonate an officer of the United States with intent to defraud. The indictment charged

---

* United States Constitution, art. I, secs. 2, 3 and 6; amendment XIV, sec. 2; amendment XVII.

that defendant "unlawfully, knowingly and feloniously did falsely assume and pretend to be an officer of the Government of the United States, to wit, a member of the House of Representatives of the Congress of the United States of America, . . . with the intent, then and there, to defraud Lewis Cass Ledyard. . . ." The Supreme Court of the United States affirmed the judgment of sentence, holding, inter alia, that a member of the House of Representatives was an officer of the United States within the meaning of the criminal statute. Speaking for the court, Mr. Chief Justice White stated page 112:

". . . [W]hen the relations of members of the House of Representatives of the Government of the United States are borne in mind and the nature and character of their duties and responsibilities are considered, we are clearly of the opinion that such members are embraced by the comprehensive terms of the statute."

The opinion of the court goes on to point out (pages 112-13) that if "considered from the face of the statute alone the question was susceptible of obscurity or doubt—which we think is not the case—all ground for doubt would be removed" because of the "common understanding that a member of the House of Representatives [is] a legislative officer of the United States [as is] clearly expressed in the ordinary, as well as legal, dictionaries", the law requiring members of the Congress to take an oath of office, the "various general statutes of the United States" which assume that a member of the Congress is a "civil officer of the United States", and the "prior decisions of this court" which are in harmony with the "settled conception of the position of members of state legislative bodies as expressed in many state decisions."

We are convinced, on the basis of the foregoing citations of authority, that members of the Congress are Federal officers and not State officers. And, since

we reach that conclusion, it is unnecessary for us to determine whether our legislature could constitutionally require a candidate for the office of United States Senator or Representative in Congress to file a loyalty oath with his nomination petition, paper or certificate.

It is, therefore, our opinion, and you are accordingly advised, that a candidate for the office of United States Senator or Representative in Congress is a candidate for a Federal office and not a "State, district, county, or local public office", and that section 14 of the Pennsylvania Loyalty Act does not require such a candidate to file a loyalty oath with his nomination petition, paper or certificate.