**UNITED STATES of America, Plaintiff,**

v.

**Joe W. HARTH, Defendant.**

**Crim. No. 67–195.**

United States District Court
W. D. Oklahoma.

Feb. 21, 1968.

John Raley, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Robert E. Shelton and J. Stanley Gill, Savage, Gibson, Benefield & Shelton, Oklahoma City, Okl., for defendant.

1. "Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such * * * "

2. The indictment reads, "That on or about the 22nd day of June 1967, * * * JOE W. HARTH, * * * did falsely pretend to be an employee of the United States acting under the authority thereof, that is, an employee of the Internal Revenue Service of the United States Government, and did falsely take upon himself to act as such, in that he falsely stated to Mrs. Richard Lee Brown that he was an employee of the United States Government, Department of Internal Revenue, engaged in locating the present address of a recent tenant of the said Mrs. Richard Lee Brown, all in violation of Section 912, Title 18, United States Code."

3. " * * * John Doe with intent to defraud the United States and Mary Major falsely pretended to be an officer and employee acting under the authority of the United States, namely, an agent of the Federal Bureau of Investigation, and falsely stated that he was a special agent of the Federal Bureau of Investigation engaged in pursuit of a person charged with an offense against the United States."

## ORDER

DAUGHERTY, District Judge.

The Defendant has presented to the Court a Motion for Judgment of Acquittal and for New Trial and Motion in Arrest of Judgment. Upon careful consideration of all the matters raised by both Motions, the Court concludes that they must be denied.

Defendant contends that the indictment does not properly charge a crime under 18 U.S.C. § 912 [1] in that it does not specify the overt act necessary to commission of the crime of which Defendant was convicted.[2]

 The indictment is drawn according to the language of Form 8, 18 U.S.C. Appendix,[3] omitting only the phrase relating to intent to defraud, which omission has been approved for the type of charge herein by United States v. Lepowitch, 318 U.S. 702, 63 S. Ct. 914, 87 L.Ed. 1091 (1942).[4] See

4. The Defendant complained at the trial and in the Motions now under consideration that the Court's instructions to the jury defining the crime charged herein did not provide that the same was committed by the Defendant with "intent to defraud." First, the statute involved, 18 U.S.C. § 912 contains two separate offenses, one for impersonating and acting as such, the other impersonating and obtaining something of value. The Defendant acknowledges that the statute contains two separate offenses and also that the offense charged in this case is the first one above mentioned. Second, the Court defined the crime involved herein in the language of the statute. Third, the Court gave an intent instruction to the jury to the effect that the Defendant must be found to have intended to commit the crime with which he was charged, and, Fourth, while an "intent to defraud" may be an essential element of the second portion of the statute involved where the offender is obtaining some tangible thing of value that either rightfully belongs to the Government or is wrongfully obtained from the victim, such is not the case when the accused is charged as herein under the first portion of the statute with merely committing some overt act as the im-

Barron & Holtzoff, Federal Practice and Procedure § 4538 comments at p. 667 of Vol. 5. The crime charged under the pertinent part of 18 U.S.C. § 912 quoted in note 1 is composed of two essential elements which must be charged in the indictment and proved at trial. These elements are (1) that Defendant falsely pretended to be an employee of the Internal Revenue Service of the United States and (2) that he did some overt act as such employee.

 These elements have been quite clearly shown by the evidence offered at trial. They are also quite clearly charged by the indictment. It alleges false personation and then describes how the false personation was accomplished. It then alleges an act in accordance with the personation, and describes the actions of the Defendant constituting such overt act.

Defendant contends that the language charging the overt act merely repeats the charge of false personation. This theory was sufficient to invalidate the indictments in Baas v. United States, 25 F.2d 294 (Fifth Cir. 1928), Ekberg v. United States, 167 F.2d 380 (First Cir. 1948), and United States v. Larson, 125 F.Supp. 360, 15 Alaska 256 (1954). In all these cases the indictment was held bad because the description of the overt act alleged was a repetition of the description of the false pretense.[5] The cases are not in point.

 The language of the indictment in the Larson case is more easily misread than in the Baas and Ekberg cases (Note 4, supra). However, stating that one is an agent of the Federal Bureau of Investigation carrying on the usual duties of such agents is quite different from stating that one is an employee of the Internal Revenue Service engaged in locating the whereabouts of a named person who was a recent tenant of the person to whom the statement was addressed. In the Larson case, the court said,

> "Irrespective of the basis for Form 8, it is my opinion that the statute clearly requires that if the pleader specify the act, it must be something more than mere repetition of the pretense, such as solicitation, inquiry, demand for information, or the like." 125 F. Supp. at p. 361.

To state the Court's proposition more succinctly, the indictment is defective if it states that the Defendant engaged in being something which is the pretense charged, but the indictment is good if it states that the Defendant engaged in doing something which is not the pretense itself in the pretended capacity.

Defendant's Motion in Arrest of Judgment and Motion for Judgment of Acquittal are overruled for the above reasons. The alternative Motion for New Trial is also overruled. The Court has carefully considered the fourteen items or grounds set out in the Alternative

---

personated official. An "intent to defraud" someone is not present under the first portion of the statute, was eliminated from the statute when the same was rewritten and this clearly seems to be the legislative intent. This also appears to be firmly settled by United States v. Lepowitch, supra, and by dictum in Honea v. United States, 344 F.2d 798 (Fifth Cir. 1965).

5. In Baas v. United States, supra, the indictment read, " * * * did * * * falsely assume and pretend * * * to be an officer * * * of the United States, and to be acting under the authority of the United States * * * with the intent then and there to defraud * * * " The indictment never got to

the overt act allegation. In Ekberg v. United States, supra, the indictment read, " * * * did * * * falsely assume and pretend to be an officer * * * of the United States * * * and did take upon himself to act as such officer and employee, in that he * * * falsely pretended to him that he was such an officer * * * " The allegation intended to be that of an overt act simply repeated the false personation allegation. In United States v. Larson, supra, the allegation of the indictment intended to be an allegation of the overt act read, "[he falsely stated] that he was a special agent of the Federal Bureau of Investigation engaged in the investigation of a criminal violation."

**428**

Motion and finds each to be without merit. The evidence of the Government establishes the commission of the crime charged herein by the Defendant beyond a reasonable doubt, the verdict of guilty returned by the jury is supported by the great weight of the evidence and no trial errors occurred in the case, in the judgment of the Court.