**OPERATION RESCUE NATIONAL, et al., Plaintiffs, Appellants,**

v.

**UNITED STATES of America, Defendant, Appellee.**

No. 97–2290.

United States Court of Appeals, First Circuit.

Heard March 5, 1998.

Decided July 1, 1998.

Paul F. Galvin with whom Randal C. Fritz was on brief for appellants.

John F. Daly with whom Mark B. Stern, Attorneys, Appellate Staff, Stephen W. Preston, Deputy Assistant Attorney General, Donald K. Stern, United States Attorney, and Frank W. Hunger, Assistant Attorney General, were on brief for appellee.

Before BOUDIN, Circuit Judge,
ALDRICH and CYR, Senior Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

On November 15, 1993 Senator Edward M. Kennedy, in Boston, following a campaign fund-raising luncheon, addressed a group of reporters in connection with a bill protecting access to clinics serving women's health, including abortions. The bill, of which he was

the prime sponsor, was to be debated in the Senate the following day. In the course of his remarks, in answer to a question regarding this legislation, the Senator stated that organizations like Operation Rescue National ("Operation Rescue") had a "national policy [of] firebombing and even murder." Operation Rescue brought suit for defamation against the Senator in the Massachusetts Superior Court. Pursuant to 28 U.S.C. § 2679(d) of the Federal Tort Claims Act ("FTCA"), the United States Attorney filed therein a certification to the effect that Senator Kennedy "was acting within the scope of his employment as an officer and employee of the United States at the time of the conduct alleged in the complaint," and moved to remove the action to the United States District Court. The removal was effected and the district court thereupon granted the United States' motion for its substitution for Senator Kennedy as a defendant immunized by the FTCA. Because the FTCA excepts liability for defamation, *see id.* § 2680(h), the court thereafter granted summary judgment for the United States, leaving Operation Rescue with no claim against either it or the Senator. *See id.* § 2679(b)(1) (providing that an action against the United States is the exclusive remedy); *United States v. Smith,* 499 U.S. 160, 166–67, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991) (holding that the exclusivity of remedy provision applies even if government liability is precluded).

We affirm those actions, but, before proceeding further, we review the Westfall Act, so-called, the first step in producing this result, starting with the history leading to its enactment.

One Erwin suffered injuries allegedly as a result of the negligence of Westfall and others, employees of the United States executive branch, in performing official acts—the storage of dangerous chemicals. *See Westfall v. Erwin,* 484 U.S. 292, 293–94, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988). He brought suit against the individual defendants in the state court, but this action was removed to the district court pursuant to 28 U.S.C.

§ 1442(a)(1). This court held, by summary judgment, that defendants were absolutely immune because their conduct had been in the course of their government employment. The Court of Appeals reversed, holding that government employees were immune only for conduct of a discretionary character. It ordered the case remanded for a determination whether defendants' conduct was of that nature. On defendants' obtaining certiorari, the Court agreed with the Court of Appeals. *Inter alia,* it stated, "[O]fficial immunity comes at a great cost.... [A]bsolute immunity for federal officials is justified only when 'the contributions of immunity to effective government in particular contexts outweigh the perhaps recurring harm to individual citizens.'" *Id.* at 295–96, 108 S.Ct. 580 (citation omitted). Without laying down standards, the Court affirmed. In so doing, it remarked that Congress was in the best position to rule on what was required for immunity. *See id.* at 300, 108 S.Ct. 580.

This Congress promptly did by the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub.L. No. 100–694, 102 Stat. 4563, the so-called *Westfall* Act. Beside removing the *Westfall v. Erwin* discretionary requirement, it increased the scope of the FTCA by adding employees of the judicial and legislative branches to those of the executive branch.

In a comprehensive Memorandum, *Operation Rescue National v. United States,* 975 F.Supp. 92 (D.Mass.1997), the district court, in addition to disposing of other matters no longer involved,[1] considered the following issues: (1) Whether, as a result of the Westfall Act, the FTCA is to be read as including the members of Congress; and (2) Whether, if the FTCA does include Congressmen, its application to these facts is constitutional. We review its resolutions in the affirmative *de novo,* as rulings of law. *See, e.g., Inmates of Suffolk County Jail v. Rouse,* 129 F.3d 649, 653, 655 (1st Cir.1997). Beginning with the first, we agree with the district court's result, but approach it differently.

---

1. *E.g.,* plaintiff did not appeal from the finding that the Senator was acting within the scope of his employment when he made his remarks.

*Congressmen*[2] *as Officers or Employees?*

At the time of *Westfall v. Erwin*, the list of government employees covered by the FTCA did not include those of the judicial and legislative branches:

### *Definitions*[3]

As used in this chapter and sections 1346(b) and 2401(b) of this title, the term "Federal agency" includes the executive departments, the military departments....

"Employee of the government" includes officers or employees of any federal agency, members of the military....

The *Westfall* Act added the words "the judicial and legislative branches" to follow "the executive departments" in the first paragraph. It made no change in the second.

In almost unlimited number, Operation Rescue has shown, from the Constitution and widespread federal statutes, uses of the phrase, "officers, members and employees," with "members" meaning members of Congress. From this it would have us conclude that when Congress said "officers or employees" here, it made a deliberate and meaningful omission. We quote its brief, pp. 7 and 14,

Section 3 of the *Westfall* Act makes the FTCA applicable to "officers or employees" of the "legislative branch[ ]". A United States Senator is neither. Congress' historical practice, since its (sic) 1789, has been to reference the three classes of persons found in the halls of Congress as either "Member", "officer", or "employee". *Congress chose defining, restrictive language,* "officers or employees" of the "legislative branch[ ]", *when it wrote its 1988 Westfall Act.* So choosing, Congress identified a readily identified body of congressional personnel which does *not* include United States Senators.

. . . .

Of course the Members of the 100th Congress knew to whom they were referring *when they wrote into the Westfall Act the restrictive language,* "officers or employees" of the "legislative branch[ ]".

In writing statutes, Congress chooses its words carefully....

(Emphases added).

Aside from the final sentence, the rest is fiction. A voting Congressman who went beyond reading "FEDERAL EMPLOYEES LIABILITY" in the Westfall Act title would not find the claimed-to-be restrictive language even once. The Act's expressly declared purpose was to "protect Federal employees from personal liability for common law torts"; the phrase "Federal employee" occurred ten times, and the word "officer" and the phrase "officers and employees" never. *See Westfall* Act § 2, 102 Stat. 4563–64. How many astute legal minds who bothered to go further and read the FTCA, and saw there the phrase "officers or employees", would have thought of Operation Rescue's omission argument?[4] We cannot think the *Westfall* Congress should be charged with plaintiff's connotation.

Alternatively, Operation Rescue would say that, as a matter of law, Congressmen are neither "officers" nor "employees" of the federal government. The district court has compiled much detail rejecting this assertion that we need not repeat. *See, e.g., Lamar v. United States*, 241 U.S. 103, 36 S.Ct. 535, 60 L.Ed. 912 (1916). Operation Rescue, incomprehensibly, persists.[5]

We add that even were this correct, circumstances speak louder than words. We ask a simple question—Why would Congressmen vote to exclude themselves from a universal grant of immunity given to all oth-

---

**2.** We use this word throughout to include members of both Houses, as well as both sexes.

**3.** 28 U.S.C. § 2671.

**4.** We note, in passing, that when written, this phrase did not "omit" members because the legislative branch was not then in the Act.

**5.** It would even disregard common meanings given in all dictionaries. *See e.g.,* Webster's New Int'l Dictionary 1690–91 (2d ed.1954) (defining "office" as "any position or place in the employment of government, esp. one of trust or authority" and "officer" as "one who holds an office"); *cf.* Black's Law Dictionary 900 (6th ed.1990) (defining "legislative officer" as including "members of Congress").

ers; to all employees below them; to all officers, up to the president, above them? The district court noted some, concededly weak, post-*Westfall* Act legislative history favoring inclusion of Congressmen. We think it more important to look to contemporary legislative history. Here we find nothing relevant. Like the famous dog that remained silent,[6] the silence is telling. If the *Westfall* Act clearly and carefully intended to exclude Congressmen from the FTCA's otherwise universal benefits, would there not have been, at the least, some Congressmen who would have remonstrated?

There is no such legislative history, or Operation Rescue's counsel would have found it. If, which we consider it does not, the strict language should be read as Operation Rescue would have it, this would be a clear case where contrary circumstances as a whole would surely prevail. *Cf. Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571–74, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982).

Failing here, Operation Rescue would supplement with constitutional claims. These have been well answered by the district court. We pass without comment the contention that "Congress does not have a general power to legislate," except to note *MCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 406, 413, 4 L.Ed. 579 (1819), and turn to Operation Rescue's main theme, that this is an immunity from which Congressmen are uniquely exempt. Accordingly, Congress could grant immunity from defamation claims to other federal officers or employees, but it could not vote such benefits for itself. Further, the Speech or Debate Clause is a ceiling rather than a floor. For this last, the basic contention is, by its having given Congressmen some protection not given to others, the Constitution implicitly forbad any increase by statute, even when giving greater protection to others. This is singular logic. We need not repeat the district court's extensive rejections, with which we agree.

In all respects the decision below is affirmed.

---

**6.** *The Adventure of Silver Blaze*, A. Conan Doyle.