**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harl HAMILTON, Defendant-Appellant.**

**No. 12796.**

United States Court of Appeals Seventh Circuit.

March 24, 1960.

Marion J. Rice, Jack N. Van Stone, Evansville, Ind., for appellant.

Don A. Tabbert, U. S. Atty., Philip R. Melangton, Jr., Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before KNOCH and CASTLE, Circuit Judges, and JUERGENS, District Judge.

KNOCH, Circuit Judge.

Defendant was charged with knowingly and falsely pretending to be a special agent of the Federal Bureau of Investigation and falsely taking it upon himself to act as such.

He was also charged in a second count of the same indictment with obtaining keys to a residence in such pretended character, but defendant's motion for judgment of acquittal, filed at the conclusion of the government's evidence, was sustained as to this second count. The District Court found that the keys were obtained on defendant's representation that he was a Federal tax man, not, as the indictment had charged, on his representation that he was an F.B.I. agent, a representation made by him after he had secured the keys. Defendant's motion for judgment of acquittal was overruled as to the first count. The Trial Court (trial by jury having been waived by defendant) found defendant guilty as charged in the first count and sentenced him to serve eighteen months.

Defendant had moved for bill of particulars respecting what acts, as alleged in the first count, defendant had engaged in while pretending to be a special agent of the F.B.I. This motion had been overruled.

The government's witness, Mrs. Luther Martin, testified that defendant had rented a room in her home, telling her that he was a Federal tax man just come to town. He had said that he knew of another Federal tax man whose name Mrs. Martin had mentioned to him. Mrs. Martin then gave defendant keys to the room and to the front door of her home. The same afternoon, defendant had corrected Mrs. Martin when she introduced him to her husband as a Federal tax man, stating that he was an F.B.I. agent. He then, and later, told the Martins of various exploits he had performed in his nineteen years' service with the F.B.I. and exhibited the scar of an injury he said he had suffered in the line of duty. The following day, Mrs. Martin saw defendant wearing a gun. He then said that he had not meant to frighten her. She told him that she would have been frightened had she not known him to be an F.B.I. agent. The Martins' maid also testified to seeing defendant about the house wearing a gun. Mr. Martin testified to seeing defendant wearing a gun holster, but he had not seen the gun itself, when defendant was on the front porch of the Martin home.

Evidence was also introduced to show that defendant was not and never had been an agent of the Federal Bureau of Investigation.

At the close of the government's evidence, the Trial Court asked counsel for defendant whether he had been surprised by any of the evidence offered by the government, or whether he had been aware of what that evidence would be. Counsel replied that he had not known in detail what would be presented, and, in response to repeated questioning by the Trial Court, finally said that he had been surprised. The Trial Court then proposed to continue the case to allow counsel time to prepare to meet the evidence of the government, and asked counsel to state the time he needed. However, after conferring with defendant, during a recess allowed for that purpose, counsel stated that he was still not aware of what the government relied on to be the overt act; that, in his opinion, the first count stated no offense; and that a continuance would not serve justice. He said he could not introduce further evidence to contradict the government's evidence, except by putting on defendant (who was not required to testify and, thus, to subject himself to cross-examination) and that counsel was not going to do that. The Trial Court repeated the offer of continuance, pointing out that full disclosure of the actual evidence while defendant was still at liberty on bond might well prove of greater advantage to defendant than the granting of his motion for bill of particulars prior to the trial would have been. Counsel and defendant, when asked again separately, both declined the Trial Court's offer. Defendant then rested his case without introducing any evidence at all.

■■■ Defendant argues that the government neither alleged nor proved any overt act of the kind which defendant would have been authorized to do had he possessed the official capacity he assumed.

Error is assigned in overruling defendant's motions for a bill of particulars

and for judgment of acquittal as to the first count.

In reviewing the evidence, we must consider it in the light most favorable to the government, and must give the government the benefit of all inferences which may reasonably be drawn from that evidence. United States v. Winston, 7 Cir., 1955, 222 F.2d 323, 325; United States v. Randall, 7 Cir., 1947, 164 F.2d 284, 286.

The words "acts as such" as used in Title 18, U.S.Code, § 912, under authority of which this prosecution was brought, have been construed to mean acting in the pretended character, and not necessarily doing an act which defendant would have been authorized to do under authority of the assumed capacity. Lamar v. United States, 1916, 241 U.S. 103, 36 S.Ct. 535, 538–539, 60 L.Ed. 912; United States v. Barnow, 1915, 239 U.S. 74, 36 S.Ct. 19, 21, 60 L.Ed. 155.

Here, as the learned District Judge said:

"I don't think that any citizen of the type that Mrs. Martin was, and her husband, would ever have tolerated a citizen under the circumstances * * * that day in her home, this afternoon or the subsequent day, to be going through her house with a gun on his person and visible to other people. * * * I don't think that is exactly a case of idle boasting, * * * claiming he is an Agent of the Federal Bureau of Investigation. Here's a man that is carrying a gun, and he is a mature man."

Defendant's action in wearing firearms in the Martin home was an act in keeping with his pretended character. He said he was an F.B.I. agent, and he was acting as such.

■■ In the absence of abuse of discretion or prejudice, this Court will not disturb the District Court's disposition of a motion for bill of particulars, which is a motion addressed to the sound discretion of the Trial Court. Paschen v. United States, 7 Cir., 1934, 70 F.2d 491,

494. In any event, it is clear that any possible prejudice occasioned by denial of the motion here was cured by the Trial Court's repeated offer of continuance at the close of the government's evidence and by defendant's refusal of that offer.

As we find no prejudicial error here, the judgment of the Court below is

Affirmed.