UNITED STATES of America,
Appellee,

v.

Gerald Ronald GUTHRIE, Appellant.

UNITED STATES of America,
Appellee,

v.

Albert Otis HADEN, Appellant.

Nos. 11360, 11368.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 6, 1967.

Decided Dec. 4, 1967.

Nelson M. Casstevens, Jr., Yadkinville, N. C. (A. A. Bailey, Charlotte, N. C., on brief) for appellant Guthrie.

Louis A. Bledsoe, Jr., Charlotte, N. C. (Court-appointed counsel) and C. Ralph Kinsey, Jr., Charlotte, N. C. (Berry & Bledsoe, Charlotte, N. C., on brief) for appellant Haden.

Wm. Medford, U. S. Atty., (William M. Styles, Asheville, N. C., on brief) for appellee.

Before SOBELOFF, BRYAN and WINTER, Circuit Judges.

SOBELOFF, Circuit Judge:

The legal sufficiency of an indictment for violating 18 U.S.C. § 912 is the primary issue raised by defendant-appellants Haden and Guthrie. That section provides:

> "Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and [1] acts as such, or [2] in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1,000 or imprisoned not more than three years, or both." [1]

The evidence showed that Haden, flashing a badge, identifying himself as "Mr. Hunter" and posing as a federal bank examiner, visited Fred Stegall and informed him that an investigation had unveiled that someone at the local bank had misused funds in Stegall's savings account. Ostensibly to aid in the discovery of the embezzler's identity, Haden proposed that Stegall withdraw the balance standing to his credit and turn it over to Haden who promised to redeposit it secretly. In accordance with the arrangement, a "Mr. Williams" (actually defendant Guthrie) appeared at Stegall's home with an official-looking badge, similar to Haden's to pick up the money. He was handed a dummy package and was then arrested by FBI agents who had hidden themselves in the home and observed the transaction.

Haden, on the witness stand, freely admitted that he had engaged in a scheme to defraud Stegall. In fact, he testified that he came to Charlotte to find a victim and selected Stegall because he lived in a nice-looking, well-maintained house. He advanced the brazen defense, however, that he did not represent himself as a *federal* bank examiner because he well knew from his extensive encounters with the federal law that this course would be dangerous. He admitted representing himself as a bank examiner, but one employed by the State of North Carolina, not by any federal agency.[2] Guthrie elected not to take the stand. Both were convicted and prosecute this appeal.

The challenged indictment is as follows:

> " * * * on or about November 2, 1966, * * * GERALD RONALD GUTHRIE and ALBERT OTIS HADEN did falsely pretend to be officers and employees of the United States acting under the authority thereof, that is, Federal bank examiners, and did falsely take upon themselves to act as such, in violation of 18 U.S.C. 912."

The defect the defendants ascribe to the indictment is that it fails to allege expressly that the defendants acted with "intent to defraud."

The question for decision is whether, though the statute is silent as to fraudulent intent, a requirement to allege this must be read into part [1] of § 912.

As defined in that part of the section, the essential elements of the crime of impersonating a federal official are (a) falsely assuming or pretending to be the official, and (b) "acting as such." We are

---

1. Brackets ([1] and [2]) have been inserted in the opinions of courts to clarify the two offenses included in the statute and to facilitate analysis. See, e. g., Honea v. United States, 344 F.2d 798, 800 (5th Cir. 1965).

2. To persuade the jury that he would not likely have represented himself as a federal officer or employee he testified that he had "been tried and convicted for about 300 things." This was doubtless a piece of hyperbole, but it serves the point he was trying to make, namely that such frankness about his past established the veracity of his defense. It is not surprising, then, that in the face of this extraordinary admission to guide the jury in its task of assessing the defendant's credibility, the jury found the truth on the issue as to the nature of the representations made by the defendants to be as stated by the government's witnesses— the intended victim and the corroborating F.B.I. agents—rather than as claimed by Haden.

aware that the statute, as originally drafted, expressly required an "intent to defraud either the United States or any person." [3] But the section was revised and codified in 1948 and in its new form the words of intent were deliberately discarded. The Reviser's note states that "[t]he words 'with the intent to defraud * * *' contained in said section 76 of Title 18 U.S.C., 1940 ed., were omitted as meaningless in view of United States v. Lapowich [Lepowitch] [318 U.S. 702, 63 S.Ct. 914, 87 L.Ed. 1091 (1943)]." Regardless of whether the amendment was in fact necessitated by the Supreme Court's holding in *Lepowitch*, Congress accepted the Reviser's view that it was and accordingly the phrase was excised.

■ It is an accepted canon of statutory construction that where Congress has advertently changed the legislative language the change must be given effect. This is particularly true when the revision was precipitated by a specific Supreme Court interpretation.

The defendants now ask the court to restore the phrase that was intentionally omitted. So to hold would be contrary to the apparent intent of Congress. It cannot be assumed in these circumstances that Congress deleted an element theretofore regarded as essential without intending to affect the meaning of the statute. While Judge Holtzoff, who assisted in the Revision, declared in the preface of Title 18 U.S.C.A., Vol. 1, p. v, that "[i]n general, with few exceptions, the Code does not attempt to change existing law," the Reviser's note compels the conclusion that this alteration of § 912 constitutes one of the "few exceptions."

■ We hold, therefore, that "intent to defraud" is no longer an element of a charge under part [1] of § 912, although, of course, the presence of an intent to defraud may be a consideration in determining the gravity of the offense. While it has been stated that "[a]n indictment * * * for a statutory offense * * * may ordinarily be laid in the language of the statute, unless the statute omits an essential element of the offense or includes it only by implication * * *," 4 Barron, Federal Practice and Procedure § 1914 and 1964 Supp. § 1914 (Wright ed.), this cannot avail the present defendants, concluding as we do, that a fraudulent intent is not an essential element. It follows that it need not be alleged in the indictment. While there is very little authority elsewhere on this specific question, our own circuit recently concluded, though only by way of dictum, that "an indictment which alleges that the pretended officer 'acted as such' is complete and sufficiently states the first of the two separate offenses defined by the statute." United States v. Leggett, 312 F.2d 566, 569 (4 Cir. 1962). In our view, this conclusion accords with the design of Congress "to protect * * * the dignity, prestige and importance of federal office." Honea v. United States, 344 F.2d 798, 802 (5th Cir. 1965). It recognizes that the injury to the federal government is occasioned by masquerading and acting as a government official regardless of fraudulent intent.

■ The rule is that an indictment is sufficient if it clearly sets forth the essential elements of the offense sought to be charged. "The true test * * * is * * * whether it contains the elements

---

3. Act of March 4, 1909, c. 321, § 32, 35 Stat. 1095, as amended, Act of February 28, 1938, c. 37, 52 Stat. 83, formerly codified as 18 U.S.C.A. § 76 (1940). (Portions which have been either deleted or modified are in italics.)

Whoever, *with intent to defraud either the United States or any person,* shall falsely assume or pretend to be an officer or employee acting under the authority of the United States, or any department, or *any officer of the Government thereof, or under the author-*

*ity of any corporation owned or controlled by the United States, and shall take upon himself to* act as such, or shall in such pretended character demand or obtain *from any person or from the United States, or any department, or any officer of the Government thereof, or any corporation owned or controlled by the United States,* any money, paper, document, or *other valuable thing,* shall be fined not more than $1,000 or imprisoned not more than three years, or both."

of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' Cochran and Syre v. United States, 157 U.S. 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704; Rosen v. United States, 161 U.S. 29, 34, 16 S.Ct. 434 [435], 480, 40 L.Ed. 606; Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861." United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 114, 98 L.Ed. 92 (1953).

It is plain beyond doubt that the indictment as drawn fully informed the defendants of the crime with which they were charged so that they could adequately prepare their defense and could plead the judgment as a bar to any subsequent prosecution for the same offense. They can ask no more.

We think that our decision in the instant case is not inconsistent with that of the Fifth Circuit in Honea v. United States, supra. In that case, the court was concerned only with the adequacy of an indictment under the second offense of § 912,[4] and its holding must be limited accordingly. But, to the extent that there may be any conflict, we respectfully decline to follow *Honea* in the present case.

This court has considered the defendants' remaining contentions and has found them to be without merit. During the pendency of this appeal, however, the defendants filed a motion to remand for a hearing pursuant to Rule 33 of the Federal Rules of Criminal Procedure, to determine whether they were prejudiced by communications, while the court was in recess, between an F.B.I. agent who was a government witness, and a member of the jury that had been impaneled to try the case. Defendant Haden asserts in his motion that when he observed the witness and the juror engaged in conversation, he requested his court-appointed counsel to take appropriate action, but that the request was ignored.

■ No one disputes that a conversation did take place, but the Government has submitted ex parte affidavits by those involved, attesting that the government witness was not aware that the person with whom he was talking was a juror and denying that they discussed any matter relating to the trial. Nevertheless, this court is of the opinion that the defendants are entitled to have a hearing and an opportunity to cross-examine. This court said in Holmes v. United States, 284 F.2d 716, 718, 97 A.L.R.2d 782 (1960), private communications of a court official to members of the jury are

"* * * an occurrence which cannot be tolerated if the sanctity of the jury system is to be maintained. When there has been such a communication, a new trial must be granted unless it clearly appears that the subject matter of the communication was harmless and could not have affected the verdict."

The same is true if the communication with the juror was from a witness, rather than an officer of the court.

■ The mere submission of ex parte affidavits, without the safeguard of cross-examination, is not an adequate method for determining that the communication was clearly not prejudicial. A hearing is necessary, pending which the appeals will be held in abeyance. For this purpose the case is now remanded to the District Court.

Remanded with directions.

4. In *Honea*, the Fifth Circuit held fatally defective an indictment *under Part* [2] of § 912 that failed to allege "intent to defraud."