Dudley Forrest HOUSDEN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 74–1742.

United States Court of Appeals, Fourth Circuit.

Submitted May 8, 1975.

Decided May 29, 1975.

Dudley Forrest Housden, pro se.

Carr L. Kinder, Jr., Asst. U. S. Atty., W. D. Va., for appellee.

Before BUTZNER, RUSSELL and FIELD, Circuit Judges.

PER CURIAM:

■ Dudley Forrest Housden, a federal prisoner serving a 15 year sentence for murder, appeals the district court's dismissal of his motion to vacate his sentence.[1] In his original motion and a simultaneously filed "memorandum of law in support of motion to vacate sentence," Housden alleged that at his murder trial in September 1972, the prosecution knowingly used false and misleading testimony and the jury was exposed to prejudicial statements by a government witness during recess periods of the trial. The district court dismissed the petition for failure to state a claim upon which relief could be based. We reverse.

■■ In support of his first contention, Housden claimed that William Kirtley, a key prosecution witness, had been charged with the same offense for which he (Housden) was convicted. The government, claims Housden, agreed to drop Kirtley's charges if he would testify at Housden's trial. At the trial Kirtley was asked if any such agreement had been made, and he responded negatively.

1. 28 U.S.C. § 2255.

The government failed to inform Housden of the existence of the agreement.

On a motion to dismiss a complaint for failure to state a claim upon which relief can be based, all facts alleged in the complaint must be taken as true. It is well established that a conviction obtained through the knowing use of perjured testimony cannot stand, and the facts alleged by Housden, if true, clearly entitle him to relief. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).

■ Housden's second claim, that during recesses in the trial the jurors overheard remarks by prosecution witnesses concerning his prior criminal record, likewise should not have been summarily dismissed. The right to trial by an impartial jury which decides the case on the basis of the evidence submitted at the trial is paramount in our system of justice. If the jury learns of the defendant's criminal record before reaching a verdict, its impartiality may be affected. When this happens outside of the actual trial, so that the defendant is unaware of its occurrence and thus is incapable of either rebutting the existence or mitigating the effect of his alleged criminal past, due process may well demand that the defendant be retried. United States v. Guthrie, 387 F.2d 569 (4th Cir. 1967); Lane v. Warden, 320 F.2d 179 (4th Cir. 1963).

■ Whether or not remarks overheard by the jury are sufficiently prejudicial to warrant overturning a conviction depends on the facts of each case. Housden has not specified the exact content of the remarks he claims were overheard but he does refer to the general nature of those remarks. Given his initial allegations, it cannot be said that under no circumstances could he be entitled to relief.

■ Finally, Housden has addressed to this court a letter in which he raises several additional claims. Only those claims raised in the district court are properly before this court on appeal, and if Housden wishes that his new claims be considered, they must be submitted to the district court by amendment.

Accordingly, the judgment of the district court is reversed, and the case is remanded for such further proceedings as may be necessary.