UNITED STATES of America

v.

David C. ROSSER, Appellant.

No. 75–1252.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 16, 1975.

Decided Jan. 5, 1976.

Frank F. Roberson, Washington, D. C. (appointed by this court), for appellant.

Hamilton P. Fox, III, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., and John A. Terry and Jason D. Kogan, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and WRIGHT and McGOWAN, Circuit Judges.

Opinion for the court filed by Circuit Judge J. SKELLY WRIGHT.

J. SKELLY WRIGHT, Circuit Judge:

During the gasoline shortage in early 1974, appellant David C. Rosser introduced himself to the owner of a Washington, D. C. gas station as an employee of the Internal Revenue Service. In that guise, he instructed the station owner to post a sign explaining his system of allocating gas, directed that certain individuals be allowed to fill their tanks while others could not, and otherwise asserted authority over the operations of the station. After dealing with Rosser for 11 days, the station owner asked the Internal Revenue Service about him. One week later Rosser, who has never been employed by the Service, was arrested.

At his trial for falsely personating an officer or employee of the United States and acting as such, in violation of 18 U.S.C. § 912[1] (1970),[1] Rosser moved to dismiss the indictment and for acquittal on the ground that neither the indictment nor the Government's opening statement charged that he had acted "with intent to defraud."[2] The trial judge denied the motion, and the jury found Rosser guilty on two counts.[3] On

1. The statute is quoted in text, 174 U.S.App. D.C. at ——, 528 F.2d at 654 *infra.*

2. Rosser's attorney first moved for dismissal and acquittal following the prosecutor's opening statement to the jury. Trial Tr. at 7–8. The motion was rejected by the court on the authority of *United States v. Guthrie,* 4 Cir., 387 F.2d 569 (1967), *cert. denied,* 392 U.S. 927, 88 S.Ct. 2284, 20 L.Ed.2d 1386 (1968). Tr. at 44–48. The motion was renewed and again rejected at the end of the Government's case-in-chief, *id.* at 102, and at the close of all the evidence, *id.* at 241.

3. Rosser was originally indicted on three counts, but the third count was dismissed before trial at the Government's request. Tr. at 3–4. The two counts on which he was tried and convicted were:

FIRST COUNT:

On or about February 16, 1974, within the District of Columbia, DAVID C. ROSSER, also known as DAVID CONWAY, did falsely assume and pretend to be an officer and employee acting under the authority of the United States, that is, an agent of the Internal Revenue Service, and did falsely take upon himself to act as such, in that he falsely stated to Herbert H. Patrick, owner, Amoco Filling Station, 1396 Florida Avenue, N. E., Washington, D. C., that he was an agent of the Internal Revenue Service and solicited information about gasoline sales made by Herbert H. Patrick.

SECOND COUNT:

On or about February 23, 1974, within the District of Columbia, DAVID C. ROSSER, also known as DAVID CONWAY, did falsely pretend and assume to be an officer and employee, acting under the authority of the United States, that is, an agent of the Internal Revenue Service, and did falsely take upon himself to act as such, in that he falsely stated to Jean Severan that he was an agent of the Internal Revenue Service and he, on behalf of Jean Severan, arranged for gasoline sales and service by Herbert H. Patrick to Jean Severan.

Rosser was sentenced to one to three years on each count, the sentences to be served concur-

this appeal Rosser presses his contention that Section 912 requires the Government to charge and prove intent to defraud.

## I

Prior to the revision of the penal code in 1948, the offense of falsely personating an officer of the United States was defined by Section 32 of the Criminal Code, 18 U.S.C. § 76 (1946):

> Whoever, *with intent to defraud* either the United States or any person, shall falsely assume or pretend to be an officer or employee acting under the authority of the United States, or any department, or any officer of the Government thereof, or under the authority of any corporation owned or controlled by the United States, and [1] shall take upon himself to act as such, or [2] shall in such pretended character demand or obtain from any person or from the United States, or any department, or any officer of the Government thereof, or any corporation owned or controlled by the United States, any money, paper, document, or other valuable thing, shall be fined not more than $1,000 or imprisoned not more than three years, or both.[4]

This provision had remained essentially unchanged since 1884.[5]

In 1943 the Supreme Court held that "the words 'intent to defraud,' in the context of [Section 32], do not require more than that the defendants have, by artifice and deceit, sought to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct." *United States v. Lepowitch*, 318 U.S. 702, 704, 63 S.Ct. 914, 916, 87 L.Ed. 1091 (1943).[6] Subsequent to this holding, Congress revised the penal code and dropped the requirement of an "intent to defraud" from the statute. The only explanation offered for this action was a revisers' note that "[t]he words 'with the intent to defraud the United States or any person', * * * were omitted as meaningless in view of *United States v. Lapowich [sic]* * *."[7] Thus 18 U.S.C. § 912 (1970) now reads:

> Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and [1] acts as such, or [2] in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1,000 or imprisoned not more than three years, or both.[8]

The courts are divided in their response to the 1948 revision. The Fifth Circuit holds that intent to defraud remains an element of the crime of falsely personating a federal officer or employee and must be charged in the indictment. *United States v. Randolph*, 5 Cir., 460 F.2d 367 (1972) (Section 912[1]); *Honea v. United States,* 5 Cir., 344 F.2d 798 (1965) (Section 912[2].[9] The Fourth,

---

rently but subsequent to any unserved time on prior sentences.

**4.** Emphasis added. We follow the custom of the courts by inserting bracketed numbers to identify the two separate offenses created by the false personation statute. *See, e. g., Honea v. United States*, 5 Cir., 344 F.2d 798, 800 n.1 (1965).

**5.** The provision was created by the Act of April 18, 1884, ch. 26, 23 Stat. 11. It was reworded but left substantively unchanged by adoption of the penal code. Act of March 4, 1909, § 32, ch. 321, 35 Stat. 1088, 1095, *as amended*, Act of Feb. 28, 1938, ch. 37, 52 Stat. 82.

**6.** *Lepowitch* involved defendants who had posed as FBI agents in order to obtain information concerning another individual's whereabouts. The trial judge dismissed the indictment charging them with violation of § 32[1] of the penal code on the ground that, since they were not charged with seeking anything of inherent value, the indictment did not adequately allege intent to defraud. The Supreme Court reversed.

**7.** 18 U.S.C. § 912 (1970), Legislative History note.

**8.** *See* note 4 *supra*.

**9.** *See also United States v. Fierson*, 7 Cir., 419 F.2d 1020 (1969) (trial judge charged jury that

Ninth, and Second Circuits disagree. *United States v. Guthrie*, 4 Cir., 387 F.2d 569 (1967), *cert. denied*, 392 U.S. 927, 88 S.Ct. 2284, 20 L.Ed.2d 1386 (1968); *United States v. Mitman*, 9 Cir., 459 F.2d 451, *cert. denied*, 409 U.S. 863, 92 S.Ct. 154, 34 L.Ed.2d 111 (1972); *United States v. Rose*, 2 Cir., 500 F.2d 12 (1974), *vacated on other grounds*, 422 U.S. 1031–1032, 95 S.Ct. 2648, 45 L.Ed.2d 688 (1975).[10]

In support of its position the Fifth Circuit notes that the purpose of the 1948 revision was to simplify wording but not, in general, to change the substance of the law. *See Honea v. United States, supra*, 344 F.2d at 801–802; *United States v. Randolph, supra*, 460 F.2d at 370. This view of congressional intent is supported by the revision's legislative history[11] and generally accepted by the Supreme Court.[12] From this premise the Fifth Circuit concludes that in "the absence of a more definitive statement as to this particular section, the most unlikely meaning to assign [to the revision] is that the Revisers intended to overrule *Lepowitch* by re-legislation or to modify the substance of the provision." *Honea v. United States, supra*, 344 F.2d at 802. It is especially unlikely "that Congress in the course of a structural recodification intended to greatly expand the scope of the statute so as to make m[e]re foolish bravado without any intent to deceive a federal felony." *United States v. Ran-*

*dolph, supra*, 460 F.2d at 370. To avoid applying the false personation statute to situations the court is convinced Congress did not intend to bring within the statute's scope, the Fifth Circuit insists that intent to defraud be alleged and proved in prosecutions under Section 912. The absence of an intent requirement in the 1948 revision is, in effect, treated as an inadvertent legislative error resulting from the revisers' alleged misunderstanding of *Lepowitch.*[13]

The analysis of the Fourth Circuit is directly opposed to that of the Fifth. Relying on the "accepted canon of statutory construction that where Congress has advertently changed the legislative language the change must be given effect," the Fourth Circuit refused to consider the congressional action inadvertent because based on a possible misunderstanding of *Lepowitch. United States v. Guthrie, supra*, 387 F.2d at 571. Rather, that court concludes that Congress must have intended to change the meaning of the statute when it deleted a previously essential element from the definition of the crime. The Fourth Circuit believes that this understanding of Congress' purpose appropriately "recognizes that the injury to the federal government is occasioned by masquerading and acting as a government official regardless of fraudulent intent." *Id.* Both the Ninth and Second Circuits fol-

---

it must find intent to defraud; Court of Appeals does not consider the question).

**10.** *See United States v. Harth*, W.D.Okl., 280 F.Supp. 425, 426–427 n.4 (1968); *United States v. Carr*, N.D.Cal., 194 F.Supp. 144, 145 n.1 (1961); *United States v. Meeker*, 110 F.Supp. 743, 744, 14 Alaska 249 (1953).

**11.** *See, e. g.,* S.Rep. No. 1620, 80th Cong., 2d Sess., 1 (1948) ("The original intent of Congress is preserved.").

**12.** *See, e. g., Muniz v. Hoffman*, 422 U.S. 454, 467–474, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975); *United States v. Cook*, 384 U.S. 257, 260, 86 S.Ct. 1412, 16 L.Ed.2d 516 (1966); *cf. Tidewater Oil Co. v. United States*, 409 U.S. 151, 162–163, 93 S.Ct. 408, 34 L.Ed.2d 375 (1972) (1948 revision of the Judicial Code).

**13.** "*Lepowitch* did not hold that an allegation of intent to defraud was unnecessary, but in-

stead defined the nature of the 'fraud' required." *United States v. Randolph*, 5 Cir., 460 F.2d 367, 370 (1972). Given the statutory context of *Lepowitch, see* 174 U.S.App.D.C. at ——–——, 528 F.2d at 654, *supra*, this statement is correct. Obviously, the Supreme Court could not hold that an element of the crime as defined by the statute need not be alleged. However, the issue we must consider is whether intent to defraud as defined by *Lepowitch* could reasonably have been considered by Congress to be present whenever the elements retained in the 1948 revision are proven. If so, the revisers were correct to consider the requirement of an intent to defraud unnecessary—or "meaningless"—in the context of § 912. *See,* 174 U.S.App.D.C. at ——–——, 528 F.2d at 655–657, *infra*.

---

low *Guthrie. See United States v. Mitman, supra,* 459 F.2d at 453; *United States v. Rose, supra,* 500 F.2d at 16.

## II

 We agree with the Fifth Circuit that Congress did not intend to increase the scope of the false personation statute by adopting the revisers' draft of Section 912. We also agree with the Fourth Circuit that courts should be extremely hesitant to read back into the statutory definition of a crime words specifically excised by Congress. Fortunately, these conclusions are not irreconcilable.

 The crime defined by Section 912[1] has two elements: falsely pretending to be an officer or employee of the United States, and acting "as such." If acting "as such" is understood to mean performing an overt act that asserts, implicitly or explicitly, authority that the impersonator claims to have by virtue of the office he pretends to hold, the concerns of both the Fifth and Fourth Circuits can be accommodated. Attempting to exercise pretended authority[14] is far more offensive to the interests of the United States than is "mere bravado." Moreover, it seems reasonable for Congress to have concluded that virtually everyone who pretends to be an officer or employee of the United States and in some manner asserts authority by acting "as such" seeks "to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct." *United States v. Lepowitch, supra,* 318 U.S. at 704, 63 S.Ct. at 916.[15] Thus elimination of intent to defraud as an element of the crime defined by Section 912[1] does not "overrule Lepowitch by relegislation or * * * modify the substance of the provision." *Honea v. United States, supra,* 344 F.2d at 802.[16]

 Our understanding of the meaning of "acts as such" in Section 912[1] explains the revisers' use of the word "meaningless"—after *Lepowitch* the intent to "defraud" requirement is surplusage.[17] Moreover, our approach finds support in the many decisions which have found indictments inadequate for failure to allege a sufficient act. *See, e. g., United States v. Harmon,* 2 Cir., 496 F.2d 20 (1974); *Ekberg v. United States,* 1 Cir., 167 F.2d 380 (1948); *United States v. Larson,* 125 F.Supp. 360, 15

---

**14.** It has long been recognized that nonexistence of the office which the personator pretends to hold is not a defense:

> It is the false pretense of Federal authority that is the mischief to be cured; of course, only when accompanied with fraudulent intent, but such a pretense would rarely be made for benevolent purposes. Now, the mischief is much the same, and the power of Congress to prevent it is quite the same, whether the pretender names an existing or a nonexisting office or officer, or on the other hand, does not particularize with respect to the office that he assumes to hold.

*United States v. Barnow,* 239 U.S. 74, 78, 36 S.Ct. 19, 21, 60 L.Ed. 155 (1915) (§ 32 of the Criminal Code). Similarly, it is not a defense that the authority claimed by the personator is not actually possessed by any officer or employee of the United States. *Lamar v. United States,* 241 U.S. 103, 36 S.Ct. 535, 60 L.Ed. 912 (1916) (§ 32 of the Criminal Code); *Thomas v. United States,* 9 Cir., 213 F.2d 30 (1954); *see* note 20 *infra.*

**15.** *See* brief for appellee at 15–18; *cf.* note 14 *supra.*

**16.** The Fifth Circuit holds that intent to defraud must be alleged under both §§ 912[1] and [2]. In an analysis parallel to ours, the Second Circuit has pointed out that "[t]he requirement of § 912[2] that the money or thing of value be demanded or received 'in pretended character' adequately covers the possibility raised by the *Lepowitch* definition that the impersonation did not affect the actions of the person deceived." *United States v. Rose,* 2 Cir., 500 F.2d 12, 16 (1974), *vacated on other grounds,* 422 U.S. 1031–1032, 95 S.Ct. 2648, 45 L.Ed.2d 688 (1975).

Unlike § 912[1], § 912[2] does not require an exertion of pretended authority to complete the crime. Under the latter provision, the offense is committed if an impersonator seeks or obtains something of value in his guise as a federal officer or employee rather than in some other capacity unrelated to the false personation. *See United States v. Etheridge,* 2 Cir., 512 F.2d 1249 (1975); *United States v. Rose, supra.*

**17.** *See* note 13 *supra.*

Alaska 256 (1954); *cf. United States v. Harth*, W.D.Okla., 280 F.Supp. 425 (1968). In these cases the indictments have been found defective because the act charged was the false pretense itself,[18] whereas the statute clearly requires an act *and* the pretense. If this requirement could be satisfied by any overt act consistent with the impersonation, the two elements defined by the statute could always be found in the same action.[19] Thus the teaching of the cases cited above is that the act that completes a violation of Section 912[1]

must be something more than merely an act in keeping with the falsely assumed character.[20]

■ Since "[i]t is the false pretense of Federal authority that is the mischief to be cured," *United States v. Barnow*, 239 U.S. 74, 78, 36 S.Ct. 19, 21, 60 L.Ed. 155 (1915), the narrowing definition of "acts as such" we have adopted does not reduce the usefulness of Section 912[1] in protecting the governmental interests with which Congress was concerned. Rather, focusing attention on the nature

18. For example, in *United States v. Harmon*, 2 Cir., 496 F.2d 20 (1974), the indictment charged that the defendant falsely pretended to be an officer and employee of the United States and acted as such "in that he falsely stated * * * that he was a Sergeant in the United States Air Force currently on leave, and * * * did falsely pretend * * * to be a recently returned Vietnam Prisoner of War."

19. *Cf.* Tr. at 262 ("Acts and conduct other than verbal declarations when considered in their entirety, may amount to false pretending.").

20. *But see United States v. Hamilton*, 7 Cir., 276 F.2d 96 (1960). In *Hamilton* the defendant was convicted of violating § 912[1] by pretending to be an FBI agent and acting as such by wearing a gun around his rooming house. Defendant sought to overturn the conviction on the ground that the Government had not charged that he had committed an "act of the kind which defendant would have been authorized to do had he possessed the official capacity he assumed." *Id.* at 98. The court rejected this claim on the authority of *Lamar v. United States, supra* note 14, and *United States v. Barnow, supra* note 14. In summary, the court stated that "[d]efendant's action in wearing firearms in the Martin home was an act in keeping with his pretended character. He said he was an F.B.I. agent, and he was acting as such." *Id.*

The Seventh Circuit was not, of course, dealing with the question we are considering, and we agree with its holding in *Hamilton* that § 912[1] does not require an act that the personator would be authorized to perform if he actually held the position he claims. *See* note 14 *supra.* Yet we recognize that both the facts and the language of *Hamilton* suggest a view of the meaning of "acts as such" different from ours. To the extent this is so, we respectfully disagree with the *Hamilton* court.

We do not believe the Supreme Court decisions on which *Hamilton* relies either compel

or justify its apparently broad understanding of the meaning of "acts as such." *United States v. Barnow, supra* note 14, does state that "to 'take upon himself to act as such' means no more than to assume to act in the pretended character. * * * [T]here must be some act in keeping with the pretense * * *." 239 U.S. at 77, 36 S.Ct. at 21. However, this statement is part of the Court's refutation of the claim that the statute is not violated if the office claimed by the personator does not actually exist. The Court was not concerned with separating acts that fall within the statute from those that do not, but only with the defendant's argument that the requirement of an act "as such" showed that Congress did not intend to punish claims to hold a nonexistent office. Moreover, the Court in *Barnow* went on to identify the "false pretense of Federal authority" as the statute's primary concern. *See* note 14 *supra.*

Similarly, in *Lamar v. United States, supra* note 14, the Supreme Court stated that the statutory reference to "acting under the authority of the United States," See 174 U.S. App.D.C. at ———, ———, 528 F.2d at 654–655, *supra*, refers to the character of the officer or employee who cannot be personated, not the character of the overt act which is prohibited. 241 U.S. at 114, 36 S.Ct. 535. This statement, however, was made to explain the Court's rejection of the contention that the false personation statute requires an act which the defendant "would have been authorized to do under the authority of the United States had he possessed the official capacity which he assumed to have." 241 U.S. at 113, 36 S.Ct. at 538. Moreover, the *Lamar* Court also summarized its position by stating that the statute prohibited false personation "and the doing in the falsely assumed character any overt act * * *to carry out the fraudulent intent." *Id.* (emphasis added). In the context of *Lepowitch* and the 1948 revision of the statute, this specification of the nature of the overt act necessary to complete the crime requires a limited definition of acting "as such."

of the defendant's action should differentiate the mere braggart from the criminal and thereby make Section 912[1] a more efficient means of safeguarding important federal concerns.

### III

■ The indictment alleged that while pretending to work for the Internal Revenue Service Rosser "did * * * act as such, in that he * * * solicited information about gasoline sales" and "arranged for gasoline sales and service." [21] It therefore sufficiently charged that he "acted as" an employee of the Internal Revenue Service. Moreover, the jury was told that to find Rosser guilty it must find that he had falsely pretended to be an officer or employee of the United States and that he had "committed some overt act as such employee." [22] It would have been preferable for the trial judge to have informed the jury that the "overt act" had to involve an assertion of claimed authority derived from the office Rosser pretended to hold. However, the trial judge was not asked to give such an instruction, and the instruction he did give clearly identified the two separate elements of the offense. In these circumstances, we see no reason why appellant's conviction should not be affirmed.

*Affirmed.*

---

**21.** *See* note 3 *supra.*

**22.** Tr. at 262.