**UNITED STATES of America, Appellee,**

v.

**Alan PARKER, Appellant.**

**No. 81–5156.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 8, 1982.

Decided Jan. 27, 1983.

William P. Robinson, Jr., Norfolk, Va. (Robinson, Eichler, Zaleski & Mason, Norfolk, Va., on brief), for appellant.

Mark Kantro, Third Year Law Student (Elsie L. Munsell, U.S. Atty., Roger T. Williams, Asst. U.S. Atty., Norfolk, Va., on brief), for appellee.

Before WIDENER, ERVIN and CHAPMAN, Circuit Judges.

PER CURIAM:

Alan Parker appeals from his conviction of impersonating a federal agent and acting as such under 18 U.S.C. § 912. He contends that the government failed to produce sufficient evidence to sustain the conviction under the statute, and that the trial court erred in permitting evidence of other crimes. We find these claims to be without merit and affirm the conviction.

I.

On January 20, 1981, Alan Parker appeared at the Norfolk home of Gerald Brooks, who sells firewood to supplement his Navy salary. Parker stated that he would like to buy half a cord of hardwood. Brooks told him the price and terms of delivery. According to the government's evidence, Parker then falsely told Brooks he

was an agent of the Internal Revenue Service investigating a rumor that Brooks was not paying taxes on income from firewood sales. Brooks vehemently denied the charge, and the two men resumed negotiations for the sale of the firewood. Parker agreed to pay $60.00 for half a cord of wood delivered to his home. This was Brooks' regular asking price; Parker does not appear to have used his pretended authority to gain any material advantage from Brooks.

When Brooks delivered the wood to Parker's home, Parker gave him a personalized check which confirmed his name and address. Brooks then called the regional office of the IRS to ask about Parker. The matter was referred to an agent of the IRS Internal Security Division, Frank Hardesty.

Hardesty telephoned Parker at his home on February 26, 1981. Posing as Brooks, Hardesty told Parker that he had been unable to sleep since his conversation with Parker on January 20 and wanted to know if he was still under investigation. Parker said the investigation had been closed and there was virtually no chance Brooks would be audited. Parker remarked that Brooks owed him a favor, but then said he wished he had never mentioned the IRS and would like to be regarded as "just a friend." This conversation was not taped but was monitored by another IRS agent, Michael Janney, who testified along with Hardesty at trial.

Parker was arrested and charged with impersonating a federal officer and acting as such. He was found guilty by a jury and sentenced to three years imprisonment, all except three months of which was suspended.

## II.

18 U.S.C. § 912 reads:

Whoever falsely assumes or pretends to be an officer or employee acting under authority of the United States or any department, agency or officer thereof, and [1] acts as such, or [2] in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1000 or imprisoned not more than three years, or both.[1]

Parker was indicted for violating part [1] of the statute. He was not charged with demanding or obtaining any thing of value while impersonating a federal agent.[2]

Two distinct elements comprise the crime with which Parker is charged: 1) he must have falsely assumed or pretended to have been a federal agent, and 2) he must have acted as such. Parker concedes that the first element is made out when the evidence is taken in the light most favorable to the government. However, he maintains that the government has failed to establish the second element of the crime. He argues that his misrepresentations cannot be characterized as acts asserting false authority over Brooks, but were merely statements in keeping with an innocent masquerade. The government counters that by saying he was investigating a report Brooks was not paying taxes, Parker not only impersonated a federal agent, but acted as such.

Parker relies on *United States v. Rosser,* 528 F.2d 652 (D.C.Cir.1976), in which the court defined "acting as such" as "performing an overt act that asserts, implicitly or explicitly, authority that the impersonator claims to have by virtue of the office he

---

1. We follow the custom of the courts by inserting bracketed numbers to identify the two separate offenses created by the false personation statute. *See, e.g., United States v. Rosser,* 528 F.2d 652, 654 n. 4 (D.C.Cir.1976).

2. Parker's indictment read:

That on or about the 20th day of January, 1981, at Norfolk, Virginia, in the Eastern District of Virginia, and within the jurisdiction of this Court, ALAN PARKER did falsely pre-

tend and assume to be an employee of the United States acting under the authority thereof, that is, the Internal Revenue Service, and did falsely to [sic] take it upon himself to act as such in that he falsely said to Gerald B. Brooks that he was an employee of the Internal Revenue Service and was investigating an allegation that the said Gerald B. Brooks was not paying taxes on certain income received by Gerald B. Brooks. 18 U.S.C.A. § 912.

pretends to hold."[3] *Id.* at 656. The *Rosser* court based its holding on *United States v. Lepowitch,* 318 U.S. 702, 63 S.Ct. 914, 87 L.Ed. 1091 (1943), in which the Supreme Court defined the phrase "intent to defraud"[4] as some "artifice or deceit [whereby the defendant] sought to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct." *Id.* at 704, 63 S.Ct. at 916. In 1948, Congress removed the words "intent to defraud" from the statute. The only explanation offered for this action was a revisers' note that "[t]he words 'with the intent to defraud the United States or any person' ... were omitted as meaningless in view of *United States v. Lapowich* [sic]. ..."[5]

In 1976, the Fourth Circuit in *United States v. Guthrie,* 387 F.2d 569 (4th Cir. 1976), interpreted Congress' revision of Section 912 to mean that intent to defraud was no longer an element of the false personation statute and need not be alleged in an indictment or proved at trial.[6] The *Guthrie* court reasoned that deletion of the intent language amounted to a recognition that

"the injury to the federal government is occasioned by masquerading and acting as a government official regardless of fraudulent intent." *Id.* at 571.

Against the backdrop of these authorities, we find that Parker's conduct amounted to an assertion of false authority over Brooks, despite the apparent absence of fraudulent intent. Parker first represented that he was an agent of the Internal Revenue Service. That statement alone would not be enough to violate the "acts as such" element of the crime of personation. *See United States v. Harmon,* 496 F.2d 20 (2d Cir.1974); *Ekberg v. United States,* 167 F.2d 380 (1st Cir.1948); *United States v. Larson,* 125 F.Supp. 360 (D.Alaska 1954). But he then asserted he was investigating a report that Brooks was not paying taxes on the sale of firewood. This went beyond nonculpable false pretense.

Our conclusion finds factual support in numerous cases. In *United States v. Cohen,* 631 F.2d 1223 (5th Cir.1980), the court found that the defendant falsely pretended

**3.** The court later adds in dictum cited by Parker that "[t]he act that completes a violation of Section 912 must be something more than merely an act in keeping with the falsely assumed character." 528 F.2d at 657. The import of this language is unclear: it would seem that acts completing a violation of Section 912 are uniquely those acts in keeping with the falsely assumed character. This language also appears to overreach the Supreme Court, which in *United States v. Barnow,* 239 U.S. 74, 77, 36 S.Ct. 19, 21, 60 L.Ed. 155 (1915), said:
[T]o "take upon himself to act as such" means no more than to assume to act in the pretended character. It requires something beyond the false pretense with intent to defraud; there must be some act in keeping with the pretense.
*See also United States v. Cohen,* 631 F.2d 1223, 1224 (5th Cir.1980); *United States v. Robbins,* 613 F.2d 688, 692 n. 5 (8th Cir.1977); *United States v. Hamilton,* 276 F.2d 96, 98 (7th Cir. 1960).

**4.** Prior to 1948, Section 912 (formerly 18 U.S.C. § 76) read:
Whoever, *with intent to defraud either the United States or any person,* shall falsely assume or pretend to be an officer or employee acting under the authority of the United States, or any department, or any officer of the Government thereof, or under the author-

ity of any corporation owned or controlled by the United States, and [1] shall take upon himself to act as such, or [2] shall in such pretended character demand or obtain from any person or from the United States, or any department, or any officer of the Government thereof, or any corporation owned or controlled by the United States, any money, paper, document, or other valuable thing, shall be fined not more than $1,000 or imprisoned not more than three years, or both. (Emphasis added).

**5.** *See* Legislative History note at 18 U.S.C. § 912 (1970).

**6.** Other circuits have adopted this same view: *United States v. Cord,* 654 F.2d 490, 492 (7th Cir.1980); *United States v. Robbins,* 613 F.2d 688, 691 (8th Cir.1979); *United States v. Rose,* 500 F.2d 12, 14 (2nd Cir.1974), *vacated on other grounds,* 422 U.S. 1031, 95 S.Ct. 2648, 45 L.Ed.2d 688 (1975); *United States v. Mitman,* 459 F.2d 451, 453 (9th Cir.1972), *cert. denied,* 409 U.S. 863, 93 S.Ct. 154, 34 L.Ed.2d 111 (1972). The *Guthrie* view has been explicitly rejected by the Fifth Circuit, which holds that intent to defraud remains an element of the crime of false personation. *United States v. Randolph,* 460 F.2d 367, 370 (5th Cir.1972).

to be a federal officer and acted as such by signing the register at a federal penitentiary as the associate attorney general and representing to an inmate that he was the associate attorney general. Although the defendant solicited nothing from prison personnel or inmates, his representations were held to constitute acts asserting his pretended authority.

In *United States v. Robbins,* 613 F.2d 688 (8th Cir.1979), the defendant represented to several persons that he was an FBI agent. On several occasions he displayed a pistol, a set of handcuffs, and an identification card with a badge. However, he never arrested or handcuffed anyone, or sought access to private information by virtue of his pretended authority. The court found a clear violation of Section 912, saying Robbins' conduct went beyond harmless bravado. Similarly, the defendant in *United States v. Hamilton,* 276 F.2d 96 (7th Cir.1960), was held to have acted as the FBI agent he claimed to be simply by wearing a sidearm in plain view around his boarding house.

In *United States v. Harth,* 280 F.Supp. 425 (W.D.Okla.1968), the defendant stated to a landlord that he was an agent of the Internal Revenue Service seeking the current address of a former tenant. The court rejected the defendant's attack on the indictment alleging a violation of Section 912:

> [T]he indictment is defective if it states that the defendant engaged in being something which is the pretense charged, but the indictment is good if it states that the defendant engaged in doing something which is not the pretense itself.

*Id.* at 427.

Finally, it must be emphasized that Parker is charged with violating the "acts as such" offense under Section 912 and not with demanding or obtaining anything of value while pretending to be a federal officer, the offense proscribed in Section 912. Thus, the government need only show that Parker asserted his pretended authority over Brooks in some fashion, not that he sought or obtained any material advantage. By demonstrating that Parker asserted the authority to investigate Brooks' tax status, the government has met its burden of proof.

### III.

Parker claims that the court erred by admitting evidence of other crimes, namely, the telephone conversation with Agent Hardesty on February 26, 1981 in which Parker repeated his impersonation of a federal officer. The government concedes that this evidence was in the nature of other crimes which, under Federal Rule of Evidence 404(b), may not be admitted to show the criminal character or disposition of the defendant. Such evidence may, however, be admitted for other purposes, such as proof of motive, opportunity, intent, plan, knowledge, identity, or absence of mistake or accident. The government contends that the evidence was introduced to show Parker's knowledge and intent, as well as lack of mistake or accident. Parker counters that intent is not at issue in this case, and furthermore, that the prejudicial effect of this evidence clearly outweighs its probative value, and therefore the evidence should have been excluded.

While under *Guthrie* specific intent to defraud is not an element of 18 U.S.C. § 912, the general intent to make false utterances is inherently an element of this crime. Parker's remarks to Hardesty tend to show that his statements to Brooks were intentional, not inadvertent or misconstrued by Brooks. The evidence also corroborates the identity of the speaker and his knowledge of the illegal representations. Finally, it cannot be said that the trial judge abused his discretion by admitting this evidence, whose relevance is obvious and whose potential for unfairly prejudicing the jury was minimal. *United States v. Beahm,* 664 F.2d 414, 416–17 (4th Cir.1981); *United States v. Masters,* 622 F.2d 83, 85–88 (4th Cir.1980). *See also United States v. Woods,* 484 F.2d 127 (4th Cir.1973), *cert. denied,* 415 U.S. 979, 94 S.Ct. 1566, 39 L.Ed.2d 875 (1974).

### IV.

For the foregoing reasons, Parker's conviction under 18 U.S.C. § 912 is

AFFIRMED.