14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael HIRANO, Defendant-Appellant.
 No. 93-5508.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 1, 1993.
Dec. 28, 1993.
 
 1
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 
 
 2
 Warren Gary Kohlman, Kohlman, Rochon & Roberts, for appellant.
 
 
 3
 John Thomas Martin, Assistant United States Attorney, for appellee.
 
 
 4
 Lawrence E. Freedman, for appellant.
 
 
 5
 Kenneth E. Melson, United States Attorney, for appellee.
 
 PER CURIAM
 OPINION
 
 6
 Michael Hirano appeals from his conviction for impersonating a federal employee in violation of 18 U.S.C. Sec. 912. Because we find no merit in his arguments, we affirm.
 
 I.
 
 7
 On three separate occasions, Hirano impersonated a federal employee with the goal of eliciting information about Mary Brett, a librarian at George Mason University Law School ("law school"), and her ex-husband, Larry Brett. On August 1, 1992, Hirano approached Kelly Dodson, a George Mason University police officer, at the law school and indicated that he worked for "the agency." To prove his identity, Hirano placed a telephone call and then put Officer Dodson on the line to hear the person answering the phone say, "Federal Bureau of Investigation." Hirano took the receiver, recited some apparent codes, and hung up. Hirano then asked Officer Dodson to furnish him with a police report concerning Mary Brett.
 
 
 8
 Three days later, Hirano approached Michael Crawford, a security guard at the law school, and identified himself as a Department of Defense employee. Hirano requested information regarding Larry Brett, whom he said was suspected of engaging in terrorist activities. Crawford referred Hirano to George Mason University police officer Maurice Sobel, and allowed Hirano to speak with Officer Sobel that evening when Officer Sobel telephoned Crawford. During his conversation with Officer Sobel, Hirano again requested information regarding Larry Brett.
 
 
 9
 On August 14, 1992, Hirano telephoned Officer Sobel and identified himself as Sergeant Harris of Bolling Air Force Base security. Hirano stated that Mary Brett was the subject of a trespassing warrant at Bolling Air Force Base and asked Officer Sobel to supply him with her home address.
 
 
 10
 Hirano was arrested and charged with three counts of impersonating a federal employee in violation of 18 U.S.C.Sec. 912. After a bench trial, the district court found Hirano guilty on all three counts. On appeal before this Court, Hirano seeks reversal of his conviction on two grounds: 1) insufficiency of the indictment; and 2) insufficiency of the evidence supporting the district court's verdict.[1]
 
 II.
 
 11
 Hirano first argues that the indictment charging him with impersonating a federal employee insufficiently alleges that he demanded a "thing of value" because the items the indictment alleges he demanded have no commercial value.[2] Hirano also contends that the indictment is insufficient because it does not allege why these items constitute "thing[s] of value."
 
 
 12
 To be sufficient, an indictment only needs to allege that the defendant's conduct satisfies all the elements of the crime with which he is charged. In doing this, the indictment may simply track the statutory language that defines these elements. United States v. Lepowitch, 318 U.S. 702, 704 (1943) (holding that an indictment using the statutory language of 18 U.S.C. Sec. 912 to charge a defendant with false impersonation of a federal employee will withstand a motion to dismiss); United States v. Fogel, 901 F.2d 23, 25 (4th Cir.) (holding that an indictment which tracks statutory language is ordinarily valid), cert. denied, 498 U.S. 939 (1990). In the case at bar, the indictment need only have alleged that Hirano demanded a "thing of value." Each count of the indictment stated that Hirano demanded"a thing of value." The indictment need not indicate either what the items were that constituted "thing[s] of value" or why the items constituted "thing[s] of value." Thus, we find that the indictment was sufficient.
 
 III.
 
 13
 Hirano next claims that the evidence produced at trial failed to support the district court's finding of guilt as to the three counts of false impersonation with which he was charged. We disagree.
 
 
 14
 18 U.S.C. Sec. 912 sets out two distinct crimes: first, where one "pretends to be an officer or employee acting under authority of the United States ... and acts as such," and second, where one "in such pretended character demands or obtains any money, paper, document, or thing of value." Hirano contends that the government failed to prove that he had committed either of these offenses because at trial it failed to prove both the "acts as such" element of the first offense and the "demand" element of the second offense. Because we find that there was sufficient evidence to support Hirano's conviction under the first offense prohibited by section 912, we need not address Hirano's challenge to the sufficiency of the evidence as to the second offense.[3]
 
 
 15
 In United States v. Parker, 699 F.2d 177, 180 (4th Cir.), cert. denied, 464 U.S. 836 (1983), we stated that a person "acts as such" in violation of the first offense prohibited by section 912 when he "assert[s] his pretended authority" over another. Applying this standard in that case, we found that the defendant had "act[ed] as such" when he told the owner of a firewood business that he was investigating a report that the owner was not paying taxes on the income he earned from his business. Id. at 179. We noted that the defendant's initial statement identifying himself as an agent of the Internal Revenue Service did not amount to an assertion of his false authority over the owner and thus would not be enough by itself to violate the "acts as such" element of the first offense prohibited by 18 U.S.C. Sec. 912. Id.
 
 
 16
 Here, the government proved that Hirano not only represented to three individuals that he was an employee of various federal agencies but also sought access to private information by virtue of his false authority. Viewing the evidence in the light most favorable to the government, United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993), we find that Hirano's use of the authority inherent in his false identities to gain access to private information amounted to an assertion of false authority and thus fulfills the "acts as such" requirement of 18 U.S.C. Sec. 912. We therefore hold that the evidence supports Hirano's conviction under the three counts charging him with impersonating a federal employee in violation of 18 U.S.C. Sec. 912.[4]
 
 IV.
 
 17
 For the foregoing reasons, we affirm the district court's judgment finding Hirano guilty of three counts of impersonating a federal employee in violation of 18 U.S.C. Sec. 912.
 
 AFFIRMED
 
 
 [1]
 Hirano also appeals the district court's judgment denying his motion, pursuant to 28 U.S.C. Sec. 2255, to vacate the conviction because of duplicity in the indictment and ineffective assistance of counsel. Hirano, however, also raised these issues in a separate notice of appeal filed on July 9, 1993. By Order dated September 23, 1993, we affirmed the district court's denial of Hirano's section 2255 motion to vacate. We thus decline to reconsider the propriety of the district court's judgment as to these issues in this appeal
 
 
 [2]
 The indictment alleges that Hirano demanded a George Mason University police file concerning Mary and Larry Brett, information regarding Mary Brett, and Mary Brett's home address
 
 
 [3]
 To sustain a guilty verdict as to each of the three counts in the indictment, the government had to adduce enough evidence to prove that Hirano violated only one of the two offenses charged in each count of the indictment
 
 
 [4]
 Hirano also challenges the evidence supporting his impersonation conviction on two additional grounds. First, Hirano contends that the government produced insufficient evidence to establish that he represented to Officer Dodson that he was an employee of the Federal Bureau of Investigation ("FBI"). Viewing the evidence in the light most favorable to the government, Brewer, 1 F.3d at 1437, we find that Officer Dodson's testimony that Hirano told her he "worked for the agency," and that he called the FBI to prove to Officer Dodson"who he was, [and] who [sic] he worked for" provided ample evidence to establish that he had represented himself as an FBI employee
 Second, Hirano contends that the evidence inadequately supports his conviction for the second offense prohibited by 18 U.S.C. Sec. 912 because the information he requested could not constitute a"thing of value." Because we find that the evidence adequately supports his conviction for the first offense prohibited by 18 U.S.C. Sec. 912, we do not address this issue.