**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4248**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD CHARLES KORNSE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:16-cr-00041-MR-DLH-1)

Submitted: December 27, 2017                    Decided: January 11, 2018

Before KING, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ross Hall Richardson, Interim Defender, Joshua B. Carpenter, Appellate Chief, FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF NORTH CAROLINA, Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Charles Kornse appeals his conviction for impersonating an officer or employee of the United States, in violation of 18 U.S.C. § 912 (2012).[1] Kornse argues that the district court erred in denying his Fed. R. Crim. P. 29 motion for a judgment of acquittal because the Government failed to adduce sufficient evidence that he acted as a federal officer. Kornse also asserts that the court's jury instruction in this regard was plainly erroneous. For the reasons that follow, we affirm.

We review de novo the denial of a Rule 29 motion for judgment of acquittal. *United States v. Kiza*, 855 F.3d 596, 601 (4th Cir. 2017). Applying this standard, we view the evidence in the light most favorable to the Government, and "must sustain a conviction if the record contains substantial evidence, that is, evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Pinson*, 860 F.3d 152, 160-61 (4th Cir. 2017) (internal quotation marks omitted).

To establish a violation of § 912, the Government must prove that the defendant (1) falsely assumed or pretended to be a federal agent, and (2) acted as such. *United States v. Parker*, 699 F.2d 177, 178 (4th Cir. 1983). "[T]he element of acting as such requires more than a mere representation of being a federal officer or employee." *United States v. Roe*, 606 F.3d 180, 188 (4th Cir. 2010) (brackets and internal quotation marks

---

[1] Kornse was sentenced to time served and one year of supervised release. He does not challenge his sentence on appeal.

omitted). The Government may satisfy this element by showing that the defendant "asserted his pretended authority over" another person. *Parker*, 699 F.2d at 180.

On December 9, 2015, Kornse entered an automobile dealership in Asheville, North Carolina, wearing a camouflage uniform, a bulletproof vest strapped with rifle and pistol magazines, and a pistol secured underneath his shoulder blade. Kornse claimed that he had been deputized by the Department of Homeland Security (DHS), and that he had just returned from a mission in Greenville. Although Kornse eventually removed his firearm at the request of the general manager, he asserted to two other employees that he had the right to carry the firearm because he was with DHS. Several days later, on December 18, Kornse returned to the dealership, displayed a pistol to an employee, and insisted that he could carry the firearm "because he was deputized with Homeland Security and there was nothing that [the general manager] could do about it." (J.A. 192).[2] Kornse was arrested soon thereafter.

Kornse concedes that the Government met its burden on the first element of § 912, but contends that the Government did not present sufficient evidence on the acts-as-such element. However, the testimony at trial established that Kornse claimed that his fabricated DHS deputization permitted him to carry a firearm over the general manager's objection. Although, as Kornse points out, he possessed a valid concealed carry permit, he asserted in the dealership that his purported authority to carry a firearm derived from his affiliation with DHS, not from his permit. Because the record contains proof that

---

[2] "J.A." refers to the joint appendix filed by the parties on appeal.

3

Kornse "asserted his pretended authority over" the dealership employees, *Parker*, 699 F.2d at 180, we conclude that the district court properly denied Kornse's Rule 29 motion.

Kornse also assigns error to the district court's jury instruction on the acts-as-such element. Where, as here, the defendant failed to object to the court's instructions, we review only for plain error. *United States v. Alvarado*, 816 F.3d 242, 248 (4th Cir.), *cert. denied*, 137 S. Ct. 492 (2016). In assessing a district court's jury instructions, "we must determine whether, taken as a whole, the instruction fairly states the controlling law." *United States v. Chikvashvili*, 859 F.3d 285, 291 (4th Cir. 2017) (internal quotation marks omitted).

The district court's instruction on the acts-as-such element tracked the definition provided in *United States v. Barnow*, 239 U.S. 74, 77 (1915). While Kornse insists that the district court was required to use language from our decision in *Parker*, he offers nothing to suggest that *Barnow* no longer represents the controlling law. We thus detect no error in the court's instruction.

Accordingly, we affirm Kornse's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*