## RUSSELL v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.   April 4, 1921.)

No. 3598.

1. **False personation ⊂⇒2—Defendant held to have impersonated officer authorized to search for liquor.**

Defendant, by going to the apartment of prosecuting witness, showing a badge, stating that he understood the witness had liquor in his apartment, and starting to search the place, represented that he was an officer acting under the authority of the government to search premises for intoxicating liquors, within Criminal Code, § 32 (Comp. St. § 10196).

2. **False personation ⊂⇒2—That one representing himself as authorized to search for liquor was employé of Navy Department not defense.**

Under Criminal Code, § 32 (Comp. St. § 10196), relative to falsely pretending to be a United States officer, and in such pretended character demanding or obtaining anything of value, where defendant represented that he was authorized to search for intoxicating liquors, and by such representation obtained money from the prosecuting witness, it was no defense that he was an employé of the Navy Department, as an employé of one department may be guilty of falsely impersonating an officer of another department.

3. **False personation ⊂⇒1—Statute should be construed in harmony with aim.**

Criminal Code, § 32 (Comp. St. § 10196), relative to the offense of falsely pretending to be a United States officer, should be construed in harmony with its aim which is not merely to protect innocent persons from actual loss, but to maintain the general good repute and dignity of the federal service itself.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

James A. Russell was convicted of falsely assuming and pretending to be a United States officer, and he brings error.   Affirmed.

John F. Dore and J. L. Finch, both of Seattle, Wash., for plaintiff in error.

Robert C. Saunders, U. S. Atty., and Francis C. Reagan, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge.   The plaintiff in error was convicted of violation of section 32 of the Criminal Code (Comp. St. § 10196).   The indictment charged that, with intent to defraud Julius Taylor, the plaintiff in error on a day named—

"did then and there falsely assume and pretend to be an officer acting under the authority of the United States, to wit, a revenue officer and employé, and in such pretended character did falsely demand and obtain from him, the said Julius Taylor, a sum of money, to wit, $80."

There was evidence that, in company with another, the plaintiff in error went to the apartment of Julius Taylor and said, "We are from the federal government," and that the plaintiff in error pulled back his

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

coat and showed a badge, and stated that he understood that Taylor had liquor in his apartment, that the plaintiff in error and his companion then started to search the place, that Taylor, after laying $80 on the table, told the plaintiff in error that if that would do them any good he would call the thing square, and that the plaintiff in error took the $80 and left. The plaintiff in error testified that at the time of the alleged offense he was employed by the United States Navy Department as a timber inspector, and the badge which had been issued to him as such inspector was placed in evidence.

[1, 2] It is assigned as error that the trial court overruled the motion of the plaintiff in error for a directed verdict of acquittal. The argument is that, inasmuch as the plaintiff in error was in fact an officer employed by the United States Navy Department, he could not be held guilty of the offense of assuming or pretending to be an officer and employé acting under the authority of the United States. But the clear meaning of the representation which he made to Taylor was that he was an officer acting under the authority of the government to search premises for intoxicating liquors, and the evidence leaves no doubt that he intended so to be understood, and that he was so understood by Taylor, and that he obtained the $80 in consequence of that representation. It is no defense to him that he was employed in some other department of the government. There can be no question but that an employé of one department of the government may be held guilty of falsely impersonating an officer of another department.

[3] Section 32 should be construed in harmony with its aim, which is—

"not merely to protect innocent persons from actual loss through reliance upon false assumptions of federal authority, but to maintain the general good repute and dignity of the service itself." United States v. Barnow, 239 U. S. 74, 80, 36 Sup. Ct. 19, 22 (60 L. Ed. 155).

The judgment is affirmed.