GREGORY, Circuit Judge,
dissenting:
The majority makes a fundamental mistake today in interpreting 18 U.S.C. § 912: holding that it may be properly applied to an individual who is in fact a federal officer, though he may have acted outside his authority. The language makes clear that the statute is only meant to apply to those who are not federal officers, yet pretend to be. At base, the statute is not meant to regulate the exercise of authority by federal officers; it is a criminal statute meant to deter and punish impersonators of federal officers. For this reason, I dissent from the majority’s opinion and would reverse Roe’s conviction.[1]
I.
18 U.S.C. § 912 provides:
Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined under this title or imprisoned not more than three years, or both.
18 U.S.C. § 912 (2006) (emphasis added). Thus, we have held that in order to prove a violation of Section 912 under the “acts as such” prong, the government must show the defendant (1) falsely assumed or pretended to be a federal official and (2) acted as such. United States v. Guthrie, 387 F.2d 569, 570 (4th Cir.1967). To “act as such,” the defendant must have asserted *191 his pretend authority in some way. United States v. Parker, 699 F.2d 177, 179 (4th Cir.1983) (holding that the mere statement that one is a federal officer, without more, is insufficient to show that the defendant “acted as such”).[2]
The majority holds that the evidence at trial was sufficient to convict Roe under Section 912. It concludes that the jury could have reasonably found that Roe was not a federal officer, and, even if he was, the fact that he actually was a federal officer did not give him license to act as though he had authority beyond what he actually possessed. Yet, the majority’s interpretation of the statute, relying principally on an eighty-nine year old case from the Ninth Circuit concerning a prior version of Section 912, is not convincing because Roe was the kind of officer he was charged with pretending to be. Therefore, even though Roe did not in fact possess federal authority to take the actions he did on the parkway at the time of the incident, he could not have pretended to be a federal police officer because he was one.
A.
First and foremost, I disagree with the majority that the jury could have reasonably found that Roe was not a federal officer. It is true that Roe was an employee of Sec Tek, a private corporation. However, testimony by Thomas Evans, the head of security at NASA’s Goddard Space Flight Center, established, without contradiction, that Roe was a security police officer there, meaning he was deputized by the federal government to act as a federal police officer — making arrests and carrying a weapon — on Goddard property. Even though Roe’s paycheck came from Sec Tek, that does nothing to diminish the fact that he was imbued with authority by the federal government and was thus an “employee acting under the authority of the United States.” § 912.
B.
Given that Roe was indeed a federal officer for purposes of Section 912, the question is then whether he may be convicted of “pretending” or “assuming” to be a federal officer. Interpreting the wording of the statute, the answer must most certainly be no.
Section 912 prohibits individuals from “pretending” or “assuming” to be a federal officer. In interpreting the meaning of a statute, we give its words their ordinary meaning. Md. State Dept. of Educ. v. Dept. of Veterans Affairs, 98 F.3d 165, 169 (4th Cir.1996) (citing United States v. Goldberger & Dubin, P.C., 935 F.2d 501, 506 (2d Cir.1991)). To pretend, in the manner in which it is used in the statute, ordinarily means “to make believe” or “to hold out, represent, or assert falsely.” Webster’s Third New International Dictionary 1796 (1981). To assume, in turn, means “to take in appearance only” or “pretend to have or to be.” Id. at 133. Thus, by its wording, the first clause of the statute criminalizes falsely asserting that one is a federal officer when one in fact is not.
*192 Notably, the statute does not say anything about asserting powers or authority that one does not have. The actus reus under the statute is instead concerned with pretending to be an officer as such, and then acting in a way that an officer would. The statute, therefore, is concerned with deterring and punishing those who pretend to be federal officers in order to prevent them from obtaining any benefit accorded to their pretended status. There is no indication, however, that the statute is interested in policing those individuals who are federal officers, but who act outside of their authority. No provision in the statute criminalizes conduct by those who are federal officers but pretend to have other authority which they do not possess. At base, the statute is a criminal sanction, not a personnel regulation for federal officers who act extrajudicially.
As an illustration of the statute’s reach, consider the following example. A male FBI agent is executing a search warrant on a home and arrests its female occupant for possession of narcotics. His personnel regulations specifically state that he does not have the authority to strip search an arrestee of the opposite sex. Yet, this agent, defying the boundaries of his lawful authority, orders the woman to undress and submits her to a cavity search. Would we hold that because he acted without authority, he was “pretending” to be a federal officer and may be punished under the statute? Certainly not, though he would likely be liable for aggravated battery and other offenses.
The key to the foregoing example and the case at hand is that Section 912 is not concerned with those who in fact are federal agents but who act without authority, but instead those who are not and pretend to have federal authority. As in the example, there are many other statutes which govern the unlawful exercise of authority by federal officials, just not Section 912. Thus, while it is certain that Roe did not have authority to make traffic stops on the Baltimore-Washington Parkway, he cannot be guilty under the statute for exercising police power when he did in fact have limited, federal police powers.
The majority points to Russell, 271 F. 684 (9th Cir.1921), to support its conclusion that an individual who is a federal official can be convicted under Section 912. In Russell, the defendant was a timber inspector, employed by the United States Department of the Navy. Russell went to an apartment, told the occupant, “We are from the federal government,” searched the apartment for alcohol, and took $80 from the occupant as a bribe. Id. at 684-85. The Ninth Circuit, affirming the denial of the defendant’s motion for acquittal, held that “[tjhere can be no question but that an employe [sic] of one department of the government may be held guilty of falsely impersonating an officer of another department.” Id. at 685. Yet, in that case, the defendant was a timber inspector and he feigned being an agent of the Bureau of Prohibition.[3] He therefore pretended to be a particular federal officer that he was not, and assumed powers he clearly did not have.
By contrast, Roe was not pretending to be a federal police officer; he was one. The instrumentalities he used to signal Corporal Allen to stop — his spotlight, siren, blue lights, and loud speaker — were all equipment used in his legitimate job as a federal police officer. There is no argument that Roe actually possessed the au *193 thority to stop Corporal Allen for speeding on the parkway, yet his actions were not outside of the type of actions that he would normally undertake on the Goddard campus working as a security officer deputized with the power to make arrests and carry a weapon. Compared to Russell, here the defendant was taking action which, although beyond his jurisdiction, was of the nature of his position and authority. In essence, he was behaving in the same way as he would if he was within his jurisdiction.
Likewise, Roe’s interaction with Officer Zielinski where he yelled “I’m the police!” and identified himself as a federal police officer did not represent him to be something that he was not. In all likelihood, at the time of the encounter, Roe was attempting not to get shot by identifying himself as one of the “good guys.” No matter his reason for doing so, however, Roe made no false statement to Officer Zielinski.
Therefore, because Roe was a federal police officer, he cannot be convicted under Section 912 of pretending to be the same.
II.
In a case where the individual is the type of federal agent he represents himself to be, he cannot be liable under Section 912. Otherwise, we would have to interpret the statute to read, absurdly, that an individual can be convicted of pretending to be something he actually is. The statutory language makes clear that Congress did not intend this result. I therefore respectfully dissent.

. I concur as to the majority's conclusions in parts II.A and II.C of its opinion concerning Sergeant Russell's testimony and the jury instruction about the elements of the crime.

. In Parker, we expressly distinguished our interpretation of the statute from the D.C. Circuit's, which requires that the impersonator perform an overt act asserting the authority he claims to have. See United States v. Rosser, 528 F.2d 652, 656 (D.C.Cir.1976). By contrast, this Circuit also does not require that the impersonation have an effect on a third party. Compare United States v. Gilbert, 143 F.3d 397, 398 (8th Cir.1998) ("To ‘act as such' would be the equivalent of causing the deceived person to follow some course he would not have pursued but for the deceitful conduct.”) (internal quotation marks and citation omitted). Rather, we require only that the impersonator falsely pretend or assume the office of a federal officer and attempt to assert that authority in some way.

. The Bureau of Prohibition was the agency tasked with enforcing prohibition in the United States. See Lawrence Schmeckebier, The Bureau of Prohibition, its History, Activities and Organization (1929).